# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 22, 2009

Charles R. Fulbruge III
Clerk

No. 08-60603
Summary Calendar

MING ZHONG LI

Petitioner

v.

ERIC HOLDER, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A94 803 016

Before JONES, Chief Judge, and STEWART and OWEN, Circuit Judges.

PER CURIAM:[*]

Ming Zhong Li is a native and citizen of the People's Republic of China who was apprehended while trying to enter the United States in 2006 without valid entry documents. The immigration judge ("IJ") ordered Li removed in absentia after Li failed to appear for a scheduled removal hearing. The IJ denied a subsequent motion to reopen as untimely and unsupported by exceptional circumstances and also declined to reopen the matter sua sponte. The BIA affirmed. Li now petitions this court for review.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We review the denial of a motion to reopen under a deferential abuse-of-discretion standard. *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009). The timely filing of a motion to reopen in absentia proceedings is a necessary precondition to considering a claim of exceptional circumstances. *See* 8 U.S.C. § 1229a(b)(5)(C)(i). Li does not dispute the BIA's conclusion, which is in any case amply supported by the record, that his motion to reopen was untimely because it was filed beyond the prescribed 180-day period. Accordingly, he has abandoned the dispositive issue of timeliness. *See Soadjede v. Ashcroft,* 324 F.3d 830, 833 (5th Cir. 2003). His arguments regarding exceptional circumstances are not relevant and need not be addressed.

To the extent that Li argues that he did not receive notice of the hearing due to counsel's failure to inform the immigration court of his change of address, which would support a motion to reopen filed at any time, *see* § 1229a(b)(5)(C)(ii), the record shows that counsel was served with the notice and forwarded it to Li, and Li offers no evidence to the contrary. In sum, Li has failed to demonstrate any abuse of discretion. *See Gomez-Palacios*, 560 F.3d at 358.

Li has abandoned his contention that the BIA should reopen the matter sua sponte. *See Soadjede*, 324 F.3d at 833. Finally, as the BIA did not reach Li's substantive claims for relief from removal, we decline to address them. *See INS v. Orlando Ventura*, 537 U.S. 12, 16-17 (2002).

For the foregoing reasons, the petition for review is **DENIED**.