# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

December 17, 2010

No. 09-60933
Summary Calendar

Lyle W. Cayce
Clerk

JACINTO LOJA-LEMA,

Petitioner

v.

ERIC H. HOLDER, JR. U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A075 294 114

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Jacinto Loja-Lema (Loja) petitions this court for review of the decision of the Board of Immigration Appeals (BIA) dismissing his appeal of the immigration judge's (IJ's) order denying his motion to reopen deportation proceedings that were held in absentia in 1997. We review the denial of a motion to reopen under a highly deferential abuse of discretion standard. *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009). Questions of law are reviewed de novo and deference is accorded to the BIA's interpretation of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-60933

immigration statutes unless the record reveals compelling evidence that the BIA's interpretation is incorrect. *Id.* Factual findings are reviewed under a substantial-evidence test, which means that this court may not overturn them unless the evidence compels a contrary conclusion. *Id.* The underlying decision of the IJ is reviewed only if it influences the decision of the BIA. *Id.*

Loja is correct in his assertion that motion to rescind a deportation order issued in absentia may be filed at any time if the alien establishes that he did not receive notice of the hearing in accordance with statutory notice requirements. *See id.* However, if the alien has failed to provide a current mailing address, the Government need not establish that written notice was provided in order to obtain the in absentia order. *Id.* Although he raises a variety of claims regarding the notice issue, Loja has not shown error in the determination that he did not provide immigration officials with a mailing address where notice of the hearing could be mailed. To the extent that the IJ's form order mistakenly suggested that notice of the hearing was mailed to Loja, the BIA noted this discrepancy and clearly found that Loja had not been served by mail because he had never submitted his address to the immigration court. The discrepancy thus did not influence the decision of the BIA.

Loja also argues that the in absentia order of removal violated due process. We rejected this argument in *Gomez-Palacios*, 560 F.3d at 361 n.2, based on the conclusion that there is no liberty interest at stake in a motion to reopen due to the discretionary nature of reopening relief. Moreover, Loja has failed to show that he was denied a procedural safeguard to which he was entitled.

Loja also presents several new arguments concerning the BIA's determination that he failed to provide a valid contact address, and he continues in his assertions that he was in telephone contact with the court clerk. Finally, he argues for the first time on appeal that the Government impliedly accepted his residence in the United States by accepting his taxes for over eight years.

No. 09-60933

The BIA found that Loja's assertions regarding the alleged telephone calls were implausible and Loja has not shown that the evidence compels a contrary conclusion.  Additionally, we lack  jurisdiction to consider the arguments that have been  raised for the first time on appeal. *See Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004).

Loja has not shown that the BIA abused its discretion in denying his motion to reopen his deportation proceedings.  Accordingly, his petition for review is DENIED.