# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 3, 2011

Lyle W. Cayce
Clerk

No. 10-60615
Summary Calendar

AGRIPINA GIRON-GONZALEZ,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A097 834 203

Before WIENER, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Agripina Giron-Gonzalez, a native and citizen of Guatemala, petitions for review of an order of the Board of Immigration Appeals (BIA) affirming the Immigration Judge's (IJ) denial of her motion to reopen and rescind her *in absentia* removal order. Giron contends the BIA erred by denying her motion to reopen because the notice of her hearing before the IJ was returned as undeliverable and, therefore, she did not receive notice of it.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-60615

The denial of a motion to reopen is reviewed under a "highly deferential abuse-of-discretion standard". *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009). That denial must be affirmed as long as it is not "capricious, without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach". *Id.* Because the BIA affirmed, without opinion, the IJ's decision, we review the IJ's factual findings and legal conclusions. *Eduard v. Ashcroft*, 379 F.3d 182, 186 (5th Cir. 2004). Those fact-findings are upheld unless "not supported by substantial evidence in the record". *Id.*

The IJ's findings, that Giron failed to provide authorities with a current mailing address and was admonished concerning the consequences of failing to appear at hearings, are supported by substantial evidence in the record. *See, e.g.*, *Gomez-Palacios*, 560 F.3d at 359-61. Her failure to provide the address supports the BIA's decision. 8 U.S.C. § 1229a(b)(5)(C)(ii) ("an order may be rescinded only . . . [where] alien demonstrates . . . failure to appear was through no fault of the alien"); *Gomez-Palacios*, 560 F.3d at 360-61 (holding alien's not receiving actual notice due to his failure to keep court apprised of his mailing address does not mean he did not receive notice). Giron's assertions are insufficient to show the BIA abused its discretion in denying her motion to reopen. *See, e.g.*, *Gomez-Palacios*, 560 F.3d at 360-61.

Insofar as Giron maintains she was unable to file a change of address form with the immigration court because her notice to appear was not yet filed with that court, we decline to consider this claim because she failed to exhaust her administrative remedies. *Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004).

DENIED.