**United States Court of Appeals**
**Fifth Circuit**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

**F I L E D**

December 17, 2012

Lyle W. Cayce
Clerk

No. 12-60160
Summary Calendar

LAKHWINDER SINGH,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A096 044 294

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Lakhwinder Singh, a native and citizen of India, petitions for review of the decision of the Board of Immigration Appeals ("BIA") denying his third motion to reopen his removal proceedings. Singh does not dispute that his motion to reopen was untimely and number-barred. Singh contends that he may move to reopen under an exception permitting aliens to apply for asylum, withholding of removal, or relief under the Convention Against Torture ("CAT"), based on previously unavailable and material evidence of changed country circumstances.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-60160

*See Panjwani v. Gonzales*, 401 F.3d 626, 631 (5th Cir. 2005); *see also* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). Singh presented affidavits of his parents, sister, a family friend, an attorney, and his village sarpanch (mayor) in support of his motion, showing that the police had arrested, questioned, and beaten his father because they suspected that Singh was a member of the Babbar Khalsa Liberation Force.

The BIA's decision denying the motion to reopen is reviewed by this court under a "highly deferential abuse-of-discretion standard." *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009). "[T]his court must affirm the BIA's decision as long as it is not capricious, without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Id.*

Singh has not shown the BIA abused its discretion in denying his motion to reopen because he has not shown there are materially changed circumstances in India that would affect his eligibility for asylum, withholding of removal, or relief under the CAT. *See Panjwani*, 401 F.3d at 632 n.7.

To the extent Singh alleges that the BIA's denial of his motion to reopen violated his due process rights, his claim lacks merit. Singh cannot establish a due process violation because there is no liberty interest at stake in a motion to reopen due to the discretionary nature of the relief sought. *See Gomez-Palacios*, 560 F.3d at 361 n.2.

In his petition for review, Singh does not argue that the BIA abused its discretion in denying his motion to reopen based on alleged ineffective assistance of counsel or based on his recent marriage to a United States citizen. Therefore, he has abandoned these arguments. *See Thuri v. Ashcroft*, 380 F.3d 788, 793 (5th Cir. 2004).

PETITION DENIED.