# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 3, 2013

No. 12-60573
Summary Calendar

Lyle W. Cayce
Clerk

XING HAI WANG, also known as Xin Hai Wang,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A070 852 229

Before JOLLY, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Xing Hai Wang, a native and citizen of China, petitions for review of the decision of the Board of Immigration Appeals (BIA) denying his third motion to reopen. Wang filed a motion to reopen based on what he contended was newly discovered material evidence and changed country conditions in China regarding the persecution of Christians. The BIA denied the motion on the grounds that Wang failed to show that some of the evidence was previously unavailable and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that the evidence established prima facie eligibility for relief from the removal order and changed country conditions.

We may sua sponte raise the exhaustion requirement because failure to exhaust deprives us of jurisdiction. *Omari v. Holder*, 562 F.3d 314, 319 (5th Cir. 2009). An alien must exhaust all issues for which an administrative remedy is available to the alien as of right. 8 U.S.C. § 1252(d)(1); *Omari*, 562 F.3d at 318-19.

Wang contends that the BIA applied the wrong legal standard to his motion to reopen. This new issue arose from an alleged legal error in the BIA's decision itself, which Wang could have brought to the BIA's attention by filing a motion for reconsideration. *See* 8 C.F.R. § 1003.2(b). Wang's failure to exhaust this issue before the BIA is a jurisdictional bar to our review of the issue. *See Omari*, 562 F.3d at 319-21.

Also, Wang contends that the BIA erroneously found that only religious leaders face arrest in China, that this was the only factual finding the BIA made in support of its decision, and that remand is therefore required for the BIA to "meaningfully evaluate the evidence." In *Abdel-Masieh v. INS*, 73 F.3d 579, 585, 587 (5th Cir. 1996), a case on which Wang relies, we concluded that the BIA had failed to address the relevant evidence and vacated and remanded the BIA's decision for reconsideration. To the extent that Wang contends that the BIA made the same error in this case, his failure to exhaust this issue before the BIA is a jurisdictional bar to our review of the issue. *See Omari*, 562 F.3d at 319-21.

Further, Wang argues that the BIA's decision is not based on substantial evidence because it is predicated on the BIA's erroneous finding that only religious leaders are subject to arrest. To the extent that he is arguing that the BIA abused its discretion by denying his motion to reopen, he has failed to make this showing. *See Zhao v. Gonzales*, 404 F.3d 295, 303-04 (5th Cir. 2005). The BIA's finding that religious leaders are subject to arrest and church members are subject to harassment does not necessarily equate to a finding that church

members are not subject to arrest or that harassment excludes arrest. Additionally, Wang does not argue, as he did in his motion to reopen, that the evidence in his motion to reopen was previously unavailable, demonstrates that religious persecution in China has changed or worsened since his merits hearing, and establishes his prima facie eligibility for relief from the removal order. *Cf.* 8 U.S.C. § 1229a(c)(7)(C)(ii); § 1003.2(c)(3)(ii); *INS v. Abudu*, 485 U.S. 94, 104 (1988); *In re S-Y-G*, 24 I. & N. Dec. 247, 253 (BIA 2007).

Wang's petition for review is DISMISSED in part for lack of jurisdiction and DENIED in part.