# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-60506
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 26, 2015

Lyle W. Cayce
Clerk

KULWINDER SINGH,

Petitioner

v.

LORETTA LYNCH, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A200 944 795

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Kulwinder Singh, a native and citizen of India, petitions this court for review of the Board of Immigration Appeals' (BIA) dismissal of his appeal of an Immigration Judge's denial of a motion to reopen proceedings in which Singh was ordered removed in absentia. Singh argues that his failure to appear at the removal hearing was due to the ineffective assistance provided by his counsel, Pablo Rocha, Esq., who failed to provide him notice of the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-60506

hearing.  He also argues that he received ineffective assistance of counsel from Hillary Peldner, Esq.  Singh contends that Peldner failed to file a motion to reopen on his behalf and also failed to develop a record of Rocha's ineffective assistance of counsel.

This court usually only reviews the BIA's decision; the underlying decision of the IJ will be considered only if it influenced the determination of the BIA.  *See Ontunez-Tursios v. Ashcroft*, 303 F.3d 341, 348 (5th Cir. 2002).  The denial of a motion to reopen is reviewed under a "highly deferential abuse-of-discretion standard, regardless of the basis of the alien's request for relief."  *Gomez-Palacios v. Holder,* 560 F.3d 354, 358 (5th Cir. 2009).

Singh did not argue in immigration proceedings that Rocha provided ineffective assistance of counsel.  As he did not exhaust this issue, this court lacks jurisdiction to consider it.  *See Omari v. Holder*, 562 F.3d 314, 319, 324-25 (5th Cir. 2009); *Xing Hai Wang v. Holder*, 534 F. App'x 257, 258 (5th Cir. 2013).  Moreover, the BIA correctly determined that for Singh to prevail with his motion to reopen based upon Peldner's ineffective assistance, he was obligated to establish prejudice by making a prima facie showing that, but for Peldner's error, he would have been entitled to the relief that he sought.  *See Miranda-Lores v. INS*, 17 F.3d 84, 85 (5th Cir. 1994).  By failing to present argument to the BIA establishing that his failure to appear at the hearing was due to Rocha's ineffective assistance of counsel, Singh failed to establish that he would have prevailed in his motion to reopen.  *See Miranda-Lores*, 17 F.3d at 85.  Accordingly, the BIA did not abuse its discretion in dismissing the appeal.

Singh's petition for review is DISMISSED, in part, for lack of jurisdiction and DENIED, in part.