# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 10, 2013

Lyle W. Cayce
Clerk

No. 13-60147
Summary Calendar

CELIO ADIEL ABARCA-ORELLANA,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A070 873 617

Before OWEN, ELROD, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Celio Adiel Abarca-Orellana, a native and citizen of El Salvador, filed a petition for review of the decision of the Board of Immigration Appeals (BIA) dismissing his appeal of the denial of his motion to reopen his deportation proceedings after he was ordered removed in absentia. The respondent has moved for summary denial of Abarca-Orellana's petition. Abarca-Orellana opposed the motion, arguing that the order to show cause and notice of hearing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

was statutorily deficient because it purportedly did not comply with 8 U.S.C. § 1229(a)(1)(F) & (G).[1]

"In reviewing the denial of a motion to reopen, this court applies a highly deferential abuse-of-discretion standard, regardless of the basis of the alien's request for relief." *Gomez-Palacios v. Holder,* 560 F.3d 354, 358 (5th Cir. 2009). This court will affirm the BIA's decision as long as it is not capricious, without foundation in the evidence, or otherwise so irrational that it is arbitrary, rather than the result of any perceptible rational approach. *Singh v. Gonzales*, 436 F.3d 484, 487 (5th Cir. 2006).

To comply with the statutory requirements, an order to show cause or notice to appear must inform the alien of his obligation to provide a current address and phone number, his obligation to provide any change of address, the consequences for failing to provide an address and phone number, the time and date of the hearing, and the consequences for failing to appear. § 1229(a)(1)(F)-(G). It need not include the specific time and date of a removal hearing, however, if that information is provided in a subsequent notice of hearing. *Gomez-Palacios,* 560 F.3d at 359. Further, an alien is not entitled to subsequent notice if he fails to provide the address information required under § 1229(a)(1)(F) and may be removed in absentia if he fails to appear. § 1229(a)(2)(B); 8 U.S.C. 1229a(b)(5)(A) & (B).

Neither party disputes that Abarca-Orellana failed to provide immigration officials with an address despite being informed in English and Spanish of the necessity of same and being warned about the consequences of the failure to appear. Under our precedent, the show cause order was not statutorily deficient. *See Gomez-Palacios,* 560 F.3d at 359. The order to show cause contained the

---

[1] Abarca-Orellana does not contend that there are any material differences between the relevant section now in effect and that in effect in 1994 denominated as 8 U.S.C. §1252b(a)(1994).

requisite warnings, in both English and Spanish; it was read to him; and he signed it, attesting that service had been made.

As it is uncontested that Abarca-Orellana failed to provide an address after receiving the necessary admonitions and our precedent construing the relevant statutes demonstrates that subsequent notice was therefore not required, the respondent's motion for summary denial is GRANTED, and Abarca-Orellana's petition for review is DENIED.  *See Castillo-Enriquez v. Holder,* 690 F.3d 667, 668-69 (5th Cir. 2012).