# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 1, 2013

Lyle W. Cayce
Clerk

No. 13-60267
Summary Calendar

DANIA MENCIA-MORALES,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A077 611 586

Before KING, BARKSDALE, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Dania Mencia-Morales, a native and citizen of Honduras, petitions for review of the Board of Immigration Appeals' (BIA) affirming the Immigration Judge's (IJ) denial of her June 2012 motion to reopen her removal proceedings, which had resulted in an *in absentia* removal order in 2002. Mencia contends the BIA erred by dismissing her motion to reopen, claiming: she was not advised of her requirement to provide the immigration court her full mailing address; the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2001 hearing notice was sent to an incorrect address and thus establishes that she did not have actual notice of her hearing before the IJ; and, because her motion to reopen was unopposed, the IJ and BIA erred in denying it.

For our review, usually only the BIA's decision is considered; the underlying decision of the IJ will be considered only if it influenced the determination of the BIA. *Ontunez-Tursios v. Ashcroft*, 303 F.3d 341, 348 (5th Cir. 2002). The denial of a motion to reopen is reviewed under a "highly deferential abuse-of-discretion standard". *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009); *see also Singh v. Gonzales*, 436 F.3d 484, 487 (5th Cir. 2006) (BIA decision must be upheld unless it is "utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary") (citation and internal quotation marks omitted).

The BIA's finding, that Mencia both received the notice to appear, which included her requirement to provide full, up-to-date address information, and was instructed of the consequences of failing to appear at her hearings, is supported by substantial evidence in the record. Mencia signed the notice to appear and provided an address on the following day.

Likewise, the BIA's finding Mencia failed to provide a complete address and correct alias is supported by substantial evidence in the record. The hearing notice was sent to the address Mencia provided and returned as undeliverable.

As a result, the BIA properly found she failed to receive notice because she failed to meet her obligation to provide current-address information. *See* 8 U.S.C. § 1229a(b)(5)(C)(ii) (rescission of removal order only when "failure to appear was through no fault of the alien"); *Gomez-Palacios*, 560 F.3d at 360-61 (affirming BIA's denial of appeal from *in absentia* removal when alien "failed to comply with his obligation to provide . . . current address information"). Moreover, as the BIA ruled, the IJ had authority to deny the motion to reopen,

despite the lack of a response by the Department of Homeland Security. *See* 8 C.F.R. § 1003.23(b)(1)(iv) (providing IJ discretion "to grant or deny a motion to reopen", without distinguishing between opposed or unopposed motion).

DENIED.