# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

March 7, 2014

Lyle W. Cayce
Clerk

No. 13-60346
Summary Calendar

JORGE ULISES ALANIZ-HUETE,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A098 685 484

Before DAVIS, BENAVIDES, and PRADO, Circuit Judges.

PER CURIAM:*

Jorge Ulises Alaniz-Huete (Alaniz), a native and citizen of Nicaragua, petitions for review of the decision of the Board of Immigration Appeals (BIA), which dismissed his appeal of an immigration judge's denial of a motion to reopen his in absentia removal proceeding. He argues that the in absentia removal order was improper because an incomplete address was used to serve the notice and it was not his fault that the file contained an incomplete address.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-60346

As the BIA determined, the notice to appear (NTA), which was personally served on Alaniz and which he signed, contains the address to which the hearing notice was mailed.  The NTA advised Alaniz of his obligation to apprise the court of his full mailing address, and he was also advised of the consequences of his failure to appear at a hearing.  The record is devoid of evidence that indicates that Alaniz attempted to notify the immigration court that the address on the NTA was incomplete or incorrect.  Alaniz therefore did not comply with his obligation to keep his address current and his failure to do so precludes him from obtaining relief.  *See* 8 U.S.C. § 1229a(b)(5)(C)(ii) (providing for rescission of a removal order only when failure to appear was through no fault of the alien); *Gomez-Palacios v. Holder,* 560 F.3d 354, 360-61 (5th Cir. 2009) (affirming the BIA's denial of an appeal from an in absentia removal when the alien failed to comply with his obligation to provide current address information).  The BIA's ruling therefore was not an abuse of discretion.  *See* § 1229a(b)(5)(C)(ii); *Gomez-Palacios*, 560 F.3d at 358.  The petition for review is DENIED.