# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

––––––––––

No. 13-60430
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 13, 2014

Lyle W. Cayce
Clerk

––––––––––

MARIANO BELISARIO GONZALEZ-LOPEZ,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

––––––––––

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A200 000 339

––––––––––

Before BENAVIDES, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Petitioner Mariano Belisario Gonzalez-Lopez, a native and citizen of El Salvador, has filed a petition for review of the decision of the Board of Immigration Appeals (BIA) dismissing his appeal of the denial of his motion to reopen his deportation proceedings after he was ordered removed in absentia. He contends that the immigration judge erred in denying his motion to reopen because he did not receive notice of his removal hearing and that the

––––––––––

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

immigration judge should have considered the factors set forth in *Matter of M-R-A-*, 24 I. & N. Dec. 665 (BIA 2008), to determine whether reopening his case was warranted.

"In reviewing the denial of a motion to reopen, this court applies a highly deferential abuse-of-discretion standard, regardless of the basis of the alien's request for relief." *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009). We will "affirm the BIA's decision as long as it is not capricious, without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Id.*

To comply with the statutory requirements, a notice to appear must inform the alien of his obligation to provide a current address and phone number, his obligation to provide any change of address, the consequences for failing to provide an address and phone number, the time and date of the hearing, and the consequences for failing to appear. 8 U.S.C. § 1229(a)(1)(F)-(G). It need not include the specific time and date of a removal hearing, however, if that information is provided in a subsequent notice of hearing. *Gomez-Palacios*, 560 F.3d at 359. An alien is not entitled to notice if he fails to provide the address information required under § 1229(a)(1)(F) and may be removed in absentia if he fails to appear. § 1229(a)(2)(B); 8 U.S.C. § 1229a(b)(5)(A) & (B).

In June 2005 the Petitioner was personally served with a notice to appear that in all things complied with the statutory requirements of 8 U.S.C. § 1229(a)(1)(F)-(G), save the specific time and date of his removal hearing. It is undisputed that Petitioner failed to provide the address information required under 8 U.S.C. § 1229(a)(1)(F). No further notice was required to remove Gonzalez-Lopez in absentia. Gonzalez-Lopez's reliance upon *Matter of M-R-A-*, 24 I. & N. Dec. at 668, is thus misplaced, as it concerns the

No. 13-60430

presumption that a notice is received at the address to which it is mailed, facts not at issue here.  No abuse of discretion has been shown in the denial of the motion to reopen.

Gonzalez-Lopez's petition for review is DENIED.