# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-60329
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 21, 2014

Lyle W. Cayce
Clerk

ALINA JIMENEZ-VASQUEZ,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A099 661 570

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Alina Jimenez-Vasquez, a native and citizen of Nicaragua, petitions this court for review of the Board of Immigration Appeals' (BIA) decision dismissing her appeal of the Immigration Judge's (IJ) denial of the motion to reopen her in absentia removal proceedings. Jimenez-Vasquez contends that the record does not establish by clear, unequivocal, and convincing evidence that Pablo

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-60329

Rocha was authorized to represent her in her removal proceedings or that she received the written notice required by 8 U.S.C. § 1229(a).

Any alien who fails to appear at a removal proceeding shall be ordered removed in absentia if the government establishes by clear, unequivocal, and convincing evidence that the alien is removable and that the alien, or the alien's counsel of record, was provided the written notice required by § 1229(a)(1) and (a)(2). 8 U.S.C. § 1229a(b)(5)(A). Section 1229(a)(1) provides that a written Notice to Appear "shall be given in person to the alien (or, if personal service is not practicable, through service by mail to the alien or to the alien's counsel of record, if any)." § 1229(a)(1). "[I]n the case of any change or postponement in the time and place of such proceedings, . . . a written notice shall be given in person to the alien (or, if personal service is not practicable, through service by mail to the alien or to the alien's counsel of record, if any)." § 1229(a)(2)(A). An order of removal entered in absentia may be rescinded upon a motion to reopen filed at any time if the alien demonstrates that she did not receive the requisite notice or that she was in federal or state custody and the failure to appear was through no fault of her own. § 1229a(b)(5)(C)(ii).

A review of the record shows that Jimenez-Vasquez was afforded the requisite notice. Jimenez-Vasquez was personally served with a written Notice to Appear on May 9, 2006. On May 18, 2006, Rocha entered an appearance as counsel of record for Jimenez-Vasquez and declared, under penalty of perjury, that he was doing so at her request. Although the Notice of Entry of Appearance as Attorney or Representative Before the Immigration Court (EOIR-28) was not signed by Jimenez-Vasquez, the form explained that the represented party's signature was required if he or she claimed to be a citizen or lawful permanent resident of the United States. Jimenez-Vasquez has not cited any authority supporting her contention that her signature was required.

2

No. 13-60329

Further, although the record does not contain any recording of a hearing wherein she verbally consented to Rocha's representation, transcripts are not normally prepared for appeals from denials of motions to reopen in absentia proceedings, *see* BOARD OF IMMIGRATION APPEALS PRACTICE MANUAL § 4.2(f)(ii) (2013), and the record does not reflect that Jimenez-Vasquez either submitted a transcription request or sought to review the tape recordings. Moreover, Rocha appeared before the IJ for Jimenez-Vasquez's hearing on July 6, 2006, and the fact that he was personally served with the hearing notice dated May 23, 2006, suggests that he was present at the hearing scheduled for that date as well. Consequently, the BIA's determination that Rocha was Jimenez-Vasquez's counsel of record is supported by substantial evidence, and Jimenez-Vasquez's sworn assertions to the contrary do not compel a contrary conclusion. *See Chun v. INS*, 40 F.3d 76, 78 (5th Cir. 1994).

On May 31, 2006, the immigration court notified Rocha by mail that Jimenez-Vasquez's hearing had been rescheduled for July 6, 2006. Jimenez-Vasquez does not allege that personal service upon her was practicable, nor does she argue that the BIA's implicit finding otherwise was incorrect. Therefore, by mailing notice of the July 6, 2006, hearing to Rocha, Jimenez-Vasquez's counsel of record, the immigration court provided the written notice required to justify the IJ's entry of the in absentia removal order. *See* § 1229(a)(2)(A); § 1229a(b)(5)(A). Although "the focus of the rescission inquiry, in contrast to the standard for the initial entry of an in absentia order, is on the actual receipt of the required notice and not whether the notice was properly mailed," *Gomez-Palacios v. Holder*, 560 F.3d 354, 360 (5th Cir. 2009), Jimenez-Vasquez does not argue that Rocha failed to receive actual notice of the July 6, 2006, hearing, and any such argument would be belied by Rocha's appearance at that hearing. Consequently, the BIA's determination that

3

No. 13-60329

Jimenez-Vasquez was provided sufficient notice is supported by substantial evidence, and the record does not compel a contrary conclusion. *See Chun*, 40 F.3d at 78.

Finally, Jimenez-Vasquez does not assert an ineffective assistance of counsel claim, nor does she challenge the BIA's rejection of any such claim. This issue is therefore abandoned. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

Jimenez-Vasquez has failed to show that the BIA abused its discretion when it dismissed her appeal of the IJ's denial of the motion to reopen her in absentia removal proceedings. *See Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005). Accordingly, her petition for review is DENIED.