# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-60595
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 9, 2014

Lyle W. Cayce
Clerk

ANTONIO GUERRA ENAMORADO,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A098 880 263

Before STEWART, Chief Judge, and SMITH and DENNIS, Circuit Judges.
PER CURIAM:[*]

Honduran national Antonio Guerra Enamorado (Guerra) petitions for review of the Board of Immigration Appeals' (BIA) order affirming the Immigration Judge's (IJ) denial of his motion to reopen and rescind his in absentia removal order. First, he argues that the BIA violated his due process rights by summarily affirming the IJ's decision without providing a detailed written order. As Guerra concedes, however, this court has specifically

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

determined that the BIA's summary affirmance procedures do not violate due process. *Soadjede v. Ashcroft*, 324 F.3d 830, 832-33 (5th Cir. 2009); *see also Gomez-Palacios v. Holder*, 560 F.3d 354, 361 n.2 (5th Cir. 2009).

Next, Guerra urges that the BIA abused its discretion in affirming the IJ's decision denying his motion to reopen. Although he contends that the BIA and IJ failed to consider his proof of exceptional circumstances warranting reopening and rescission, he failed to exhaust the claim properly by raising it before the BIA, and this court therefore lacks jurisdiction to consider it. *See* 8 U.S.C. § 1252(d)(1); *Omari v. Holder*, 562 F.3d 314, 318-19 (5th Cir. 2009).

Alternatively, Guerra contends that the BIA and IJ erred in determining that he had sufficient notice of his removal hearing and, more specifically, erred in failing to give proper weight to his affidavit. Substantial evidence supports the finding that Guerra received the required notice. *See Gomez-Palacios*, 560 F.3d at 358. The record unequivocally establishes that he was provided both written and oral notice (in Spanish) of the date, time, and place of his removal hearing, as well as the consequences for failing to appear, at the time he was released from immigration detention, which fact was confirmed by his signature and fingerprint on the Notice To Appear (NTA) acknowledging the same. *See* 8 U.S.C. §§ 1229a(b)(5)(A), 1229(a)(1)(G)(i). To the extent that Guerra argues that the NTA was somehow insufficient to inform him of the time and place of his removal hearing, the argument is patently without merit. To the extent that he complains that the BIA and IJ did not give sufficient weight to his affidavit, the claim is of no avail, as he did not, in his affidavit, explicitly deny that he was personally served with the NTA or that he was orally advised of the time and place of his removal hearing. The affidavit thus does not provide any evidence compelling a conclusion contrary to that reached by the IJ. *See Gomez-Palacios*, 560 F.3d at 358. That being so, Guerra has

No. 13-60595

failed to demonstrate that the denial of his motion to reopen and rescind was an abuse of discretion. *See id.* Accordingly, the petition for review is DENIED.