# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-60005
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 17, 2015

Lyle W. Cayce
Clerk

HASMUKHBHAI PATEL,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petitions for Review of an Order of the
Board of Immigration Appeals
BIA No. A200 814 167

Before BENAVIDES, SOUTHWICK, and COSTA, Circuit Judges.

PER CURIAM:*

Hasmukhbhai Patel, a native and citizen of India, petitions for review of the decision of the Board of Immigration Appeals (BIA) dismissing his appeal from the denial of a motion to reopen his in absentia removal proceedings. He also petitions for review of a decision of the BIA denying a motion to reconsider the dismissal of his appeal.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-60005

Patel argues that he did not receive notice of the removal hearing despite providing the immigration court a valid mailing address; Patel asserts that he was in compliance with his reporting obligations when the hearing notice was sent and that any failure to advise the immigration court of an address change was not done with evasive intent. He argues that the BIA should have held an evidentiary hearing to determine if he was at fault for not receiving the notice and that the denial of his motion to reopen and the BIA's failure to conduct an evidentiary hearing violated due process.

The evidence supported that, while Patel was aware of his obligation to apprise the immigration court of his address, and the consequences of failing to comply with this obligation, he did not receive the notice of hearing because he provided an address at which he could not receive mail; the hearing notice and the order of removal were sent to the address that Patel provided and were returned as undeliverable. While Patel relocated elsewhere after his release from custody, there is no indication that he timely alerted immigration officials of his change in address. Thus, Patel did not comply with his obligation to keep his address current, and his failure to do so precludes him from relief. *See* 8 U.S.C. § 1229a(b)(5)(C)(ii); *Gomez-Palacios v. Holder*, 560 F.3d 354, 360-61 (5th Cir. 2009). Patel's arguments that his due process rights were violated and that he was entitled to an evidentiary hearing lack merit. *See id.* at 361 n.2; *Altamirano-Lopez v. Gonzales*, 435 F.3d 547, 550 (5th Cir. 2006). Thus, the BIA's ruling was not an abuse of discretion. *Gomez-Palacios*, 560 F.3d at 358.

Patel also argues that the BIA wrongly denied his motion to reconsider and disregarded the material errors of fact and issues of law that he raised in his motion. He argues that the BIA wrongly concluded that he failed to provide an address where he could be reached and did not receive the notice of hearing

because his name was not on the mailbox at the address that he provided.  He also asserts that his case should have been decided by a three-member panel; the BIA failed to distinguish between "service" and "receipt" and erroneously concluded that he received notice of the removal hearing; the BIA engaged in impermissible factfinding and found that he did not provide an address where he could receive mail; and the BIA did not address his claim concerning the inapplicability of 8 U.S.C. § 1229a(c)(7)(C)(ii) and 8 C.F.R. § 1003.23(b)(4)(i).

Patel has not established that the BIA committed errors of law or fact in its order affirming the denial of his motion to reopen.  The alleged errors are effectively reiterations of his arguments regarding whether he provided a valid address and complied with his reporting obligations.  Also, the BIA did not wrongly or improperly find that Patel did not receive the hearing notice because his name was not on the mailbox at the reported address; the BIA did not make any factual findings on this issue but rather made a legal determination in light of Patel's assertions.  Moreover, as detailed below, Patel has not shown that he satisfied the requirements to have his case reviewed by a three-member panel, *see* 8 C.F.R. § 1003.1(e), and the BIA did not err by not addressing any argument regarding the applicability of § 1229a(c)(7)(C)(ii) and § 1003.23(b)(4)(i) because Patel did not raise a claim on this basis.  He therefore has not established that the BIA abused its discretion in denying his motion to reconsider.  *See Zhao v. Gonzales*, 404 F.3d 295, 303-04 (5th Cir. 2005).

Patel contends that the BIA failed to follow its internal regulations and impermissibly denied him the opportunity to have his case reviewed by a three-member panel.  He argues that the BIA abused its discretion by not explaining its decision to refuse review by a three-member panel.

No. 14-60005

Patel has not shown that his case meets the standards for assignment to a three-member panel.  Further, he has not shown that the BIA's explanation was deficient.

Accordingly, the petitions for review are DENIED.