# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-60764
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 10, 2015

Lyle W. Cayce
Clerk

CHUN LIN YANG,

Petitioner

v.

LORETTA LYNCH, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A097 645 703

Before DAVIS, JONES, and GRAVES, Circuit Judges.

PER CURIAM:*

Chinese national Chun Lin Yang petitions for review of the Board of Immigration Appeals' (BIA) order denying her second motion to reopen, asserting a material change in country conditions since her asylum claim was originally denied in 2006. We review the BIA's denial under a highly deferential abuse-of-discretion standard. *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-60764

Yang contends that the BIA violated her due process rights when it failed to "give full and fair consideration" to all of her evidence and arguments in support of her motion. She faults the BIA for refusing to consider persuasive authority from other circuits, and she asserts that the BIA wrongly ignored unspecified portions of the 2013 Congressional-Executive Commission on China Annual report she submitted. Yang urges that the BIA's denial of due process requires remand without further analysis of the underlying merits of her motion.

The BIA denied Yang's motion to reopen both because it determined that she had failed to show materially changed circumstances in China since her 2006 hearing and because she had failed to make a prima facie showing that she would be subjected to torture or persecution if returned to China so as to be eligible for relief from removal. As the Government points out, Yang fails to brief any argument challenging the BIA's separate, dispositive conclusion that she failed to make a prima facie showing of eligibility for relief from removal. *See INS v. Abudu*, 485 U.S. 94, 104-05 (1988) (stating that, independent of whether a showing of changed circumstances has been made, the BIA may deny a motion to reopen if it determines that the applicant "has not established a prima facie case for the underlying relief sought."). Yang has thus waived any challenge to that determination. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003). Consequently, she cannot show that the BIA abused its discretion in denying her motion to reopen. *See Gomez-Palacios*, 560 F.3d at 358; *see also Abudu*, 485 U.S. at 104-05.

The petition for review is DENIED.