**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 18, 2009

Charles R. Fulbruge III
Clerk

No. 07-60938

MARLON JESUS GOMEZ-PALACIOS

Petitioner

v.

ERIC H. HOLDER, U.S. ATTORNEY GENERAL

Respondent

Petition For Review of an Order of the
Board of Immigration Appeals

Before KING, BENAVIDES, and CLEMENT, Circuit Judges.

FORTUNATO P. BENAVIDES, Circuit Judge:

Marlon Jesus Gomez-Palacios petitions this court for review of the Board of Immigration Appeals' ("BIA") decision denying his appeal from a decision of the Immigration Judge ("IJ") that denied his motion to reopen proceedings and to rescind the order of removal that was entered against him in absentia. Gomez-Palacios argues that because he did not actually receive the required statutory notice of the hearing date, the BIA's decision denying his motion to reopen was an abuse of discretion. We disagree, and DENY the petition.

## I.    Background

On July 9, 1999, Gomez-Palacios was found unlawfully present in the United States by Border Patrol agents at Eagle Pass, Texas. On the same date, he was charged in a Notice to Appear ("NTA") with removability under 8 U.S.C.

§ 1182(a)(6)(A)(I). The NTA was personally served on Gomez-Palacios and ordered him to appear before an immigration judge in San Antonio at a time and date "to be set."

The NTA warned Gomez-Palacios, in a section captioned, "Failure to appear," that he was required to provide the Immigration and Naturalization Service (now the Department of Homeland Security) with his mailing address, and to notify the immigration court of any change in his address through a Form EOIR-33, as notices of hearing would be mailed to the address provided by him. The NTA stated:

> If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the INS.

The NTA certified that Gomez-Palacios received oral notice in Spanish of the time and place of the hearing, in his case a time and place "to be set," as well as "the consequences of failure to appear as provided in section 240(b)(7) of the Act." Gomez-Palacios acknowledged receipt and understanding of the NTA by signature, and he was released on his own recognizance. He reported his address as "39 Callen Street, Apartment B, Vacaville, California 95688."

On March 30, 2000, a notice of hearing ("NOH") was mailed to Gomez-Palacios at the provided address, advising him that his removal hearing would take place on September 27, 2000. The NOH was returned with a stamped notation on the envelope, "no such number." The hearing nevertheless took place, and, on September 27, 2000, Gomez-Palacios was ordered removed to Honduras based on the charge in the NTA. However, on July 30, 2001, the immigration judge sua sponte reopened the proceedings, finding that Gomez-

Palacios had provided a change of address specifying his correct address as "1390 Callen Street, Apartment B, Vacaville, CA 95688," and stating that correspondence should be addressed in care of Idalia Castillo.

On August 11, 2001, the immigration court mailed an NOH to the corrected address notifying Gomez-Palacios that a hearing on his removal proceedings would be held on April 1, 2002.[1] On April 1, 2002, another NOH was mailed to Gomez-Palacios, informing him that his hearing would be held on August 28, 2002. The NOH was addressed to Gomez-Palacios at the last known address he provided, but it was returned to the immigration court stamped "attempted, not known."

Gomez-Palacios failed to appear at the scheduled removal hearing on August 28, 2002. At that hearing, he was ordered removed in absentia.

More than four years later, on September 14, 2006, Gomez-Palacios filed a motion to reopen his removal proceedings on the grounds that the required statutory notice of the removal hearing was not provided. The IJ denied the motion on the basis that Gomez-Palacios had failed to demonstrate that his failure to appear was through no fault of his own, stating that Gomez-Palacios had been told to notify the immigration court of any change in his address, that the NOH was sent to the most recent address provided to the court, and that Gomez-Palacios had not explained why he failed to provide his current address each time he relocated as he was required to do, reflecting the immigration court's apparent finding that Gomez-Palacios had not received the NOH because he had relocated.

---

[1] The government has not argued that Gomez-Palacios received notice in accordance with 8 U.S.C. § 1229(a)(1) due to his presumptive receipt of the August 11, 2001 NOH—the second NOH sent and the first sent to the corrected address—combined with his undisputed receipt of the NTA.

3

Gomez-Palacios appealed the denial of his motion to reopen to the BIA. The Board denied the appeal, holding that Gomez-Palacios failed to receive the NOH because he neglected to provide the immigration court with a current mailing address, as the NOH was mailed to the most recent address provided by Gomez-Palacios and the "attempted, not known" stamp and the absence of any evidence provided by Gomez-Palacios to explain the unsuccessful delivery showed that either the last address he provided was never his true address or he had subsequently moved and failed to notify the court as required.

## II.    The Standard of Review

In reviewing the denial of a motion to reopen, this court applies a highly deferential abuse-of-discretion standard, regardless of the basis of the alien's request for relief. *Lara v. Trominski*, 216 F.3d 487, 496 (5th Cir. 2000). Accordingly, this court must affirm the BIA's decision as long as it is not capricious, without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach. *See Singh v. Gonzales*, 436 F.3d 484, 487 (5th Cir. 2006).

While questions of law are reviewed de novo, this court accords deference to the BIA's interpretation of immigration statutes unless the record reveals compelling evidence that the BIA's interpretation is incorrect. *Mikhael v. INS*, 115 F.3d 299, 302 (5th Cir. 1997). The BIA's factual findings are reviewed under the substantial-evidence test, meaning that this court may not overturn the BIA's factual findings unless the evidence compels a contrary conclusion. *Chun v. INS*, 40 F.3d 76, 78 (5th Cir. 1994). This court reviews the order of the BIA and will consider the underlying decision of the IJ only if it influenced the determination of the BIA. *See Ontunez-Tursios v. Ashcroft*, 303 F.3d 341, 348 (5th Cir. 2002).

## III.   The Standard for Rescinding an In Absentia Removal Order Due to Defective Notice

Under  8 U.S.C. § 1229a(b)(5)(A),  an alien who does not attend a hearing after written notice has been provided to the alien or the alien's counsel of record shall be ordered removed in absentia if the government establishes by clear, unequivocal, and convincing evidence that the written notice was so provided and that the alien is removable. The notice requirement for obtaining a removal order is satisfied if proper notice is provided at the most recent mailing address provided by the alien, but the government need not establish that written notice was provided in order to obtain an in absentia removal order if the alien has failed to provide a current mailing address.  8 U.S.C. § 1229a(b)(5)(A)–(B). Pursuant to 8 U.S.C. § 1229a(b)(5)(C)(ii), an in absentia removal order may be rescinded "upon a motion to reopen filed at any time if the alien demonstrates that the alien did not receive notice in accordance with paragraph (1) or (2) of section 1229(a) of this title."  8 U.S.C. §§ 1229a(b)(5)(C)(ii), 1229(a)(1)–(2); *see also Maknojiya v. Gonzales*, 432 F.3d 588, 589 (5th Cir. 2005).

Paragraph (1) of § 1229(a) provides that notice of a removal hearing must be given in person, or by mail if personal service is not practicable, and must specify the nature of the proceedings against the alien; the legal authority under which the proceedings are conducted; the acts or conduct alleged to be in violation of law; the charges against the alien and the statutory provisions alleged to have been violated; the alien's right to counsel; the alien's obligation to immediately provide the government with a written record of an address and telephone number where he may be contacted about the proceedings, his obligation to immediately apprise the government of any changes in his address or telephone number, and the "consequences under section 1229a(b)(5) of this title of failure to provide address and telephone information"; and the time and place at which the proceedings will be held and "[t]he consequences under section 1229a(b)(5) of this title of the failure, except under exceptional circumstances, to appear at such proceedings."  8 U.S.C. § 1229(a)(1).

Paragraph (2) of § 1229(a) provides that in the case of any change in the time and place of removal proceedings following the original provision or notice, written notice must be given in person, or by mail if personal service is not practicable, specifying the new time or place of the proceedings and the consequences of failing to attend. 8 U.S.C. § 1229(a)(2)(A). However, paragraph 2 also states that subsequent notice of any change in the time of the removal is not required if an alien has failed to keep the immigration court apprised of his current mailing address. 8 U.S.C. § 1229(a)(2)(B).

## IV. Analysis

Gomez-Palacios contends that he did not receive the required notice because the NTA that he received in person was defective because (1) it did not provide an adequate warning of the consequences of failing to provide updated contact information and failing to appear and (2) it did not include the specific time and date of his hearing. However, the NTA specifically informed Gomez-Palacios that if he failed to provide updated contact information "then the Government shall not be required to provide you with written notice of your hearing," and that if he failed to appear at his hearing, which could be held at "any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the INS." Further, an NTA need not include the specific time and date of a removal hearing in order for the statutory notice requirements to be satisfied; that information may be provided in a subsequent NOH. *See Mehdi v. Gonzales*, 216 F. App'x 412, 414 (5th Cir. 2007) (citing *Haider v. Gonzales*, 438 F.3d 902, 907 (8th Cir. 2006)); *see also Dababneh v. Gonzales*, 471 F.3d 806, 809 (7th Cir. 2006).

Gomez-Palacios also contends that he did not receive the required statutory notice because there is no record evidence that he actually received notice of the August 28, 2002, removal hearing or that the NOH was even mailed

to the correct address. Substantial evidence supports the BIA's finding that the notice was mailed to the last address provided by Gomez-Palacios: the address was typed on the notice itself and could be seen through a cellophane window in the envelope in which the notice was mailed. With respect to Gomez-Palacios's contention that he did not actually receive notice of the hearing, the BIA actually agreed with Gomez-Palacios that the return of the NOH with the notation "attempted, not known," demonstrated that the notice was not actually received. However, the parties dispute whether an alien's failure to receive actual notice, regardless of the reason, entitles the alien to the rescission of his removal order under 8 U.S.C. § 1229a(b)(5)(C)(ii). Gomez-Palacios argues that an alien is entitled to rescission of a removal order upon a showing that the alien did not receive actual notice of the alien's removal hearing, regardless of the reason that the alien did not receive notice. The government argues that an alien has received notice under § 1229a(b)(5)(C)(ii) as long as the government has attempted delivery to the last address provided by the alien as required under § 1229(a). We reject both of these arguments as unduly extreme, and hold that the statute and our precedent require a more moderate  and common-sense approach.

The government's argument that an alien has received notice under § 1229a(b)(5)(C)(ii) as long as the government has attempted delivery to the last address provided by the alien is clearly foreclosed by our precedent. This court has held that the fact that notice was sent by regular mail to the last address provided by an alien does not necessarily establish that the alien has "receive[d]" the notice under § 1229a(b)(5)(C)(ii). *See Maknojiya*, 432 F.3d at 589. Indeed, the word "receive" clearly shows that the focus of the rescission inquiry, in contrast to the standard for the initial entry of an in absentia order*,* is on the actual receipt of the required notice and not whether the notice was properly mailed. *See Lopes v. Gonzales*, 468 F.3d 81, 84 (2d Cir. 2006) ("As the use of the

word 'receive' establishes, when considering the motion to reopen, the central issue no longer is whether the notice was properly mailed (as it is for the purpose of initially entering the in absentia order), but rather whether the alien actually *received* the notice."); *Joshi v. Ashcroft*, 389 F.3d 732, 736 (7th Cir. 2004) ("The fact that the intended recipient did not actually receive notice does not contradict evidence that delivery was attempted and the notice requirement thus satisfied.  But when as in this case the issue is not notice but receipt, because the statute allows an alien ordered removed in an absentia proceeding to reopen the proceeding if he did not receive notice even if the notice that was sent, whether or not it was received, satisfied statutory and constitutional requirements, the intended recipient's affidavit of nonreceipt is evidence."); *see also Valenzuela v. Ashcroft*, 119 F. App'x 368, 370 (3d Cir. 2004) (holding that BIA did not abuse its discretion in determining that alien received notice in part because the government provided three separate hearing notices, none of which was returned as undeliverable, and alien failed to submit an affidavit stating that she did not receive notice of the hearing).

However, this does not mean, as Gomez-Palacios argues, that the failure to receive notice of a removal hearing always entitles an alien to the rescission of his removal order.  This court has repeatedly held in unpublished opinions that an alien's failure to receive actual notice of a removal hearing due to his neglect of his obligation to keep the immigration court apprised of his current mailing address does not mean that the alien "did not receive notice" under § 1229a(b)(5)(C)(ii).  *See Rybakov v. Gonzales*, 235 F. App'x 250, 251 (5th Cir. 2007) (holding that alien who failed to apprise the immigration court of his current address and as a result did not receive actual notice of his removal hearing failed to demonstrate that he did not receive notice); *Jiang v. Gonzales*, 239 F. App'x 62, 64 (5th Cir. 2007) (same); *Anyah v. Heston*, 74 F. App'x 300, 301 (5th Cir. 2003) (same).  At least three other circuits have explicitly stated that

an in absentia removal order should not be revoked on the grounds that an alien failed to actually receive the required statutory notice of his removal hearing when the alien's failure to receive actual notice was due to his neglect of his obligation to keep the immigration court apprised of his current mailing address. *See Maghradze v. Gonzales*, 462 F.3d 150, 153–54 (2d Cir. 2006) (holding that the "receive notice" language is ambiguous, and deferring to an alternative interpretation offered by the BIA—after rejecting the primary interpretation offered by the BIA that there is receipt if notice is provided in conformity with § 1229(a), regardless of actual receipt—that "aliens who fail to provide a written update of a change of address are deemed to have constructively received notice provided in accordance with the requirements of 8 U.S.C. § 1229(a)," as "the distinction drawn in the statutory language between the provision of notice by the agency and its receipt by the alien is quite plausibly construed as applying only when the alien has acted in conformity with his obligations, and failure of receipt thus resulted from circumstances beyond his control"); *Sabir v. Gonzales*, 421 F.3d 456, 459 (7th Cir. 2005) ("An alien should not be able to make himself unreachable, and then later ask to have his case reopened because he did not receive notice."); *Dominguez v. U.S. Attorney Gen.*, 284 F.3d 1258, 1260–61 & n.4 (11th Cir. 2002) (holding that an alien who does not actually receive notice due to a failure to provide a current mailing address cannot demonstrate that he did not receive notice in accordance with paragraph (1) or (2) of § 1229(a) because § 1229a(b)(5)(B) states that "[n]o written notice shall be required . . . if the alien has failed to provide the address required under section 1229(a)(1)(F) of this title"); *but see Mecaj v. Mukasey*, 263 F. App'x 449, 451–52 (6th Cir. 2008) (declining to adopt the "expansive" constructive notice rule announced in *Maghradze* "that only if the alien fails to receive notice due to 'circumstances beyond his control' can he petition to reopen his case" on the grounds that "we would not read the statute to impose such consequences based on mere error or

carelessness without explicit statutory instruction"). We believe that is the correct rule.

In this case, the BIA held that Gomez-Palacios was not entitled to rescission of his removal order because his failure to receive actual notice of the time of his postponed hearing was the result of not complying with his obligation to keep the immigration court apprised of his current mailing address. Such a failure is grounds for denying rescission of a removal order under § 1229a(b)(5)(C)(ii). In light of the fact that the record shows that the NOH for the August 28, 2002, hearing was mailed to the last address provided by Gomez-Palacios and returned to the immigration court stamped "attempted, not known," and in the absence of any record evidence submitted by Gomez-Palacios showing that the address provided to the immigration court was in fact his mailing address and that he had not moved, we find that there is substantial evidence to support the BIA's finding that Gomez-Palacios did not receive notice of his August 28, 2002 hearing because he failed to comply with his obligation to provide the immigration court with current address information.[2]

For the foregoing reasons, we find that the BIA did not abuse its discretion in denying Gomez-Palacios's appeal.

The petition for review is DENIED.

---

[2] Gomez-Palacios also appears to argue that the denial of his motion to reopen violates his due process rights because he never received the required statutory notice. As discussed above, due to his neglect of his address obligations, Gomez-Palacios did not fail to receive the required statutory notice. Moreover, even if Gomez-Palacios could establish that he was eligible for relief, he could not establish a due process violation because there is no liberty interest at stake in a motion to reopen due to the discretionary nature of the relief sought. *See Altamirano-Lopez v. Gonzales*, 435 F.3d 547, 550 (5th Cir. 2006); *Assaad v. Ashcroft*, 378 F.3d 471, 475 (5th Cir. 2004).