# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 30, 2010

Lyle W. Cayce
Clerk

No. 10-60351
Summary Calendar

BABUBHAI PATEL-RAMDAS,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A075 241 517

Before KING, BENAVIDES and ELROD, Circuit Judges.

PER CURIAM:[*]

Babubhai Patel-Ramdas (Patel), a native and citizen of India, has petitioned for review of an order of the Board of Immigration Appeals (BIA), which affirmed the decision of an immigration judge (IJ) declining to reopen Patel's immigration proceedings. In 1997, Patel failed to appear at his removal hearing and was ordered deported in absentia. He argues now that he is entitled to rescission of the removal order, asserting that he was not served with a notice

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to appear and did not receive actual notice of the date and location of the removal hearing.

Because the BIA made its own determination and did not adopt the reasoning of the IJ, we review only the BIA's decision. *See Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009). We review the decision to deny the motion to reopen for abuse of discretion, and we will uphold the BIA's ruling as long as it is not capricious, without foundation in the record, or irrational. *Id.* We review the BIA's factual findings for substantial evidence and will not overturn them unless the evidence compels it. *Id.*

To initiate removal proceedings against an alien, the Government must serve a notice to appear. 8 U.S.C. § 1229(a)(1). The alien must also be served with notice of changes to the time or location of the removal proceedings. § 1229(a)(2)(A). Service must be in person, or if that is not practicable, then the Government may serve the alien through the mail. § 1229(a)(1), (a)(2)(A). An alien who fails to attend a removal hearing after written notice has been provided "shall be ordered removed in absentia if the [Government] establishes by clear, unequivocal, and convincing evidence that the written notice was so provided and that the alien is removable." 8 U.S.C. § 1229a(b)(5)(A). The IJ may rescind the absentia removal order if, as relevant here, the alien establishes that he did not receive the required notice of the hearing. § 1229a(b)(5)(C)(ii).

Patel first argues that he is entitled to rescission of the removal order, asserting that he was not served with the notice to appear. Patel was taken into custody shortly after crossing into the United States without inspection by immigration officials. While in custody, he was issued a notice to appear charging him with removability and outlining the consequences of failing to appear. Though the certificate of service was signed only by an immigration official and not Patel, Patel did sign the portion of the form requesting a prompt hearing. In his brief to this court, Patel does not dispute that this signature is

No. 10-60351

his. This signature constitutes substantial evidence supporting the BIA's finding that Patel was personally served with the notice to appear.

Patel next argues that his removal proceedings should be reopened, contending that he did not receive actual notice of the time and location of the removal hearing. In determining whether rescission is appropriate, the relevant inquiry generally is whether the alien received the notice. *See Gomez-Palacios*, 560 F.3d at 360. However, an alien who does not receive notice is not entitled to rescission if he neglected to provide the immigration court with his correct mailing address. *Id.* When Patel was released from custody on bond, he provided immigration officials with a forwarding address in Lexington, Kentucky. A few days after his release, the immigration court sent a hearing notice to that address, but the notice was returned by the post office as undeliverable. Accordingly, the record supports the BIA's conclusion that Patel failed to provide an updated address to immigration officials. Indeed, in his brief, Patel does not explain what his correct mailing address was and does not describe what steps, if any, he took to notify immigration officials of his correct address.

The BIA also upheld the IJ's denial of Patel's motion to reconsider. However, Patel fails to challenge this determination in his brief. Accordingly, he has abandoned this issue. *See Zhu v. Gonzales*, 493 F.3d 588, 593 n.10 (5th Cir. 2007).

The BIA's factual findings were supported by substantial evidence and it did not abuse its discretion in upholding the IJ's order denying Patel's motion to reopen his removal proceedings. Accordingly, Patel's petition for review is DENIED.