# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 3, 2012

Lyle W. Cayce
Clerk

No. 11-60605
Summary Calendar

IAN MORRISON,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A098 105 046

Before BENAVIDES, STEWART, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Ian Morrison, a native and citizen of Jamaica, petitions this court for review of an order of the Board of Immigration Appeals (BIA) denying his motion to reopen removal proceedings. In his motion to reopen, Morrison alleged that his prior attorney rendered ineffective assistance of counsel and he sought an opportunity to pursue cancellation of removal based on his status as a battered spouse. The BIA determined that Morrison failed to satisfy the requirements of *Matter of Lozada*, 19 I. & N. Dec. 637, 637 (BIA 1988), to show ineffective

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

assistance of counsel because he did not provide evidence of the attorney-client agreement into which he entered with his attorney. Morrison argues that his evidence was sufficient in that it showed that counsel stated to Morrison that he "had good chances to have residency in the U.S. because of his daughter." The comment, however, does not "set[] forth in detail the agreement that was entered into with former counsel with respect to the actions to be taken on appeal and what counsel did or did not represent to the respondent in this regard." *See Lozada*, 19 I. & N. Dec. at 639. Morrison has not shown that the BIA's determination that he failed to meet *Lozada*'s requirements was irrational or arbitrary. *See Zhao v. Gonzalez*, 404 F.3d 295, 303-04 (5th Cir. 2005).

Additionally, Morrison argues that the BIA erred in its conclusion that he failed to make a prima facie showing of eligibility for cancellation of removal under 8 U.S.C. § 1229b(b)(2). The Attorney General may cancel the removal of an alien who can demonstrate that "the alien has been battered or subjected to extreme cruelty by a spouse or parent who is or was a United States citizen." § 1229b(b)(2)(A). The alien must also meet a three-year physical presence requirement, must show good moral character, must not be removable for certain reasons not relevant here, and must show that removal would result in extreme hardship. § 1229b(b)(2)(A). The BIA found inter alia that Morrison failed to show that his daughter would suffer extreme hardship if he were removed. In response, Morrison points to evidence in the record that Morrison stated to a Child Support Enforcement Officer from the State of Mississippi that his ex-wife, who had custody of his daughter, was living with a child molester. In addition, he points to his own conclusory statements in the record that he has exhibited good moral character and that he and his new wife and family would suffer extreme hardship if he were removed. His generalized and self-serving observations fail to show that the BIA's decision was "utterly without foundation in the evidence." *See Zhao*, 404 F.3d at 303-04.

No. 11-60605

Last, Morrison challenges the BIA's conclusion that its recent decision in *Matter of Sesay*, 25 I. & N. Dec. 431 (BIA 2011), was not relevant to his motion to reopen. He argues that the fact that *Matter of Sesay* involved a K-1 visa holder, rather than a K-3 visa, does not change the applicability of *Sesay*'s holding that a K-1 visa holder may seek adjustment to her status even if the marriage that formed the basis of her application terminated prior to adjudication of the application. As the BIA noted, however, Morrison's K-3 visa was revoked automatically by operation of 8 C.F.R. § 205.1(a)(3) when Morrison's ex-wife withdrew the Petition for Alien Relative filed on Morrison's behalf. *Matter of Sesay* did not address the operation of § 205.1(a)(3) or the eligibility of K-3 visa holders to adjust status. *See* 25 I. & N. Dec. at 431-44. "While questions of law are reviewed de novo, this court accords deference to the BIA's interpretation of immigration statutes unless the record reveals compelling evidence that the BIA's interpretation is incorrect." *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009). Accordingly, the BIA did not abuse its discretion in denying Morrison's motion to reopen. *See id*.

PETITION DENIED.