# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 12-60023
Summary Calendar

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 7, 2012

Lyle W. Cayce
Clerk

JOSE GUILLERMO CAISHPAL-GUTIERREZ,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order
of the Board of Immigration Appeals
BIA No. A078 930 300

Before STEWART, Chief Judge, and KING and CLEMENT, Circuit Judges.
PER CURIAM:[*]

Petitioner Jose Guillermo Caishpal-Gutierrez (Caishpal), a native and
citizen of El Salvador, was ordered removed in abstentia after he failed to appear
at a 2002 removal hearing. In 2008, Caishpal filed a motion to reopen the 2002
removal order. In his petition for review, Caishpal argues that the Board of
Immigration Appeals (BIA) abused its discretion by dismissing his appeal from
the immigration judge's (IJ's) order denying that motion. Caishpal does not
dispute that his motion to reopen is untimely, but instead argues that his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

removal proceedings should be reopened because of changed country conditions in El Salvador.

This court has jurisdiction to review the denial of an untimely motion to reopen based on changed circumstances in the alien's home country. *Panjwani v. Gonzales*, 401 F.3d 626, 632 (5th Cir. 2005). The denial of the motion is reviewed for an abuse of discretion, and the factual findings are review for substantial evidence. *Id.*; *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009).

Generally, when, as here, a motion to reopen is filed later than 90 days after the entry date of the applicable order of removal, the motion is untimely. 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.23(b)(1), (b)(4)(i). This time limit, however, is not applicable if the motion to reopen establishes through material evidence not previously discoverable or available a change in country conditions and a prima facie showing of eligibility for relief from removal. *Id.*; *INS v. Abudu*, 485 U.S. 94, 104-05 (1988).

Caishpal's evidence does not establish his claim of changed country conditions. The evidence reveals that, while El Salvador's gang problems are severe with escalations at times, the problems have been ongoing. Additionally, the evidence does not reveal how country conditions in El Salvador have worsened for Salvadorans, such as Caishpal, who return to El Salvador after residing in the United States, have a family member who is an El Salvadoran police officer, or have been labeled by gang members as gay.

Thus, the determination that Caishpal had not established changed country conditions was not an abuse of discretion. *See Panjwani*, 401 F.3d at 632-33. We decline to address Caishpal's arguments that he demonstrated eligibility for the underlying substantive relief of asylum, the withholding of removal, and protection under the Convention Against Torture. *See INS v. Orlando Ventura*, 537 U.S. 12, 16-17 (2002).

PETITION DENIED.