# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60091
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 23, 2016

Lyle W. Cayce
Clerk

THIAGO ANDRE DIAS,

Petitioner

v.

LORETTA LYNCH, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A098 909 643

Before HIGGINBOTHAM, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Thiago Andre Dias, a native and citizen of Brazil, seeks review of a decision by the Board of Immigration Appeals ("BIA") dismissing his appeal from an immigration judge's denial of his motion to reopen removal proceedings. In that motion, Dias sought rescission of a removal order that was entered in absentia after he failed to appear at his immigration hearing. *See* 8 U.S.C. § 1229a(b)(5)(C)(ii). He asserted a lack of notice.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-60091

We review the BIA's dismissal of an appeal from an immigration judge's denial of a motion to reopen removal proceedings under "a highly deferential abuse-of-discretion standard." *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009). We review questions of law *de novo* and factual findings for substantial evidence. *Id.* When, as in this case, the BIA's decision is based, in part, on the immigration judge's opinion, we will consider both decisions. *Zhu v. Gonzales*, 493 F.3d 588, 593−94 (5th Cir. 2007).

In the instant case, the immigration court sent Dias a notice of his hearing via regular mail to the address Dias provided at the time he was served with his notice to appear. The notice was returned as undeliverable. Dias argues that the lack of notice should not be attributed to him because his notice to appear did not adequately inform him, as required by 8 U.S.C. § 1229(a), of his obligation to inform the immigration court of any changes to his mailing address, of the consequences for failing to provide such notice, or of the consequences for failing to appear at his immigration hearing. He contends that he should have received notice in Portuguese. However, substantial evidence supports the BIA's finding that Dias was adequately advised of that information. Nothing in Section 1229(a) requires that the notice to appear be in any language other than English. Substantial evidence also supports the BIA's determination that Dias failed to provide the court with a valid address. A motion to reopen may be denied if an alien's lack of notice of a removal hearing was the result of his failure to comply with his obligation to provide proper address information. *See Gomez-Palaci*os, 560 F.3d at 360−61; *see also* § 1229a(b)(5)(A)−(B).

Dias has not shown that the BIA abused its discretion in affirming the immigration judge's denial of his motion to reopen and rescind his removal order. His petition for review is DENIED.