# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60396
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 11, 2016

Lyle W. Cayce
Clerk

RAMON LARA-AMAYA,

Petitioner

v.

LORETTA LYNCH, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A045 550 148

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM:[*]

Ramon Lara-Amaya, a native and citizen of Mexico, and formerly a lawful permanent resident of the United States, filed a petition for review of the dismissal by the Board of Immigration Appeals (BIA) of the immigration judge's (IJ) denial of his sua sponte motion to reopen the removal proceedings, along with the BIA's refusal to reopen the proceedings sua sponte. Lara-Amaya's original motion before the IJ sought reopening under 8 C.F.R.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 1003.23(b)(1) on the grounds that his pending state charge of possession of cocaine had been dismissed and thus could not serve as a ground for removal. The IJ declined to exercise his sua sponte authority over Lara-Amaya's motion, filed more than 90 days after the order of removal, in light of the "departure bar" of § 1003.23(b)(1).  The BIA upheld the IJ's ruling and also concluded that to the extent Lara-Amaya was asking the BIA to reopen the case sua sponte, it was prevented from doing so by the departure bar of 8 C.F.R. § 1003.2(d).

We have jurisdiction to review "constitutional claims or questions of law raised upon a petition for review."  8 U.S.C. § 1252(a)(2)(D).  Typically, we review the denial of a motion to reopen under a highly deferential abuse of discretion standard and affirm so long as the agency decision "is not capricious, without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009).  However, because the BIA and IJ rejected Lara-Amaya's motion to reopen as a matter of law, we review de novo. *See Ovalles v. Holder*, 577 F.3d 288, 291 (5th Cir. 2009).

This court has upheld application of the departure bar to untimely motions to reopen removal proceedings. *See id.* at 296-98; *Navarro-Miranda v. Ashcroft*, 330 F.3d 672, 675-76 (5th Cir. 2003); *see also Garcia-Carias v. Holder*, 697 F.3d 257, 263-65 (5th Cir. 2012) (holding that the departure bar did not apply to timely motions to reopen but noting that the rules in *Ovalles* and *Navarro-Miranda* applied to untimely motions).  Lara-Amaya contends that the agency decision was arbitrary and capricious because applying the departure bar to all untimely motions to reopen did not constitute a reasoned decisionmaking process and because the IJ and BIA did not consider the positive factors in his case.  This court has held that the BIA had reasonably interpreted the applicable regulations to conclude that the departure bar

2

No. 15-60396

superseded the authority to sua sponte reopen immigration proceedings. *Navarro-Miranda*, 330 F.3d at 675-76; *see also Ovalles*, 577 F.3d at 296 (citing *Navarro-Miranda*). Lara-Amaya has not cited to any authority overruling this circuit's finding of reasonableness relating to the application of the departure bar. *Cf. Judulang v. Holder*, 132 S. Ct. 476, 483-85 (2011) (addressing the BIA's policies for permitting relief from deportation under § 212(c) of the Immigration and Nationality Act). This court must follow its own authority absent an intervening change in the law, such as by statutory amendment, an unequivocal Supreme Court decision, or an en banc decision of this court. *United States v. Alcantar*, 733 F.3d 143, 145-46 (5th Cir. 2013).

The IJ and the BIA did not err in concluding that the agency lacked jurisdiction to sua sponte reopen Lara-Amaya's removal proceedings in light of the departure bar of § 1003.2(d) and § 1003.23(b)(1). As a result, the petition for review is DENIED.