# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-60539
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 13, 2016

Lyle W. Cayce
Clerk

LUZ MIRIAM CASTELLON-PINEDA, also known as Luz Mirian Pineda Vargas-Zepeda,

Petitioner

v.

LORETTA LYNCH, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A077 671 383

Before BARKSDALE, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Luz Miriam Castellon-Pineda, a native and citizen of El Salvador, petitions for review of a decision of the Board of Immigration Appeals (BIA), affirming, without opinion, the Immigration Judge's denial of her motion to reopen removal proceedings and to rescind an *in absentia* removal order. Castellon contends she never received notice of her removal hearing despite

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

advising a border patrol agent that she intended to live with her uncle and provided his full name and the city and state of his residence.

Castellon entered the United States without admission or parole. She was apprehended in January 2000 while traveling with her 11-year-old niece to Reno, Nevada, at which time she informed the border patrol agent of her intention to stay there with her uncle. On the date of her apprehension, Castellon was served with a Notice to Appear (NTA), advising she was charged with removability and ordering her to appear before an Immigration Judge in San Antonio at a date to be set later.

The NTA required her to provide her full mailing address and telephone number to the Immigration and Naturalization Service, and advised her the Government was not required to provide written notice of hearings if no address was provided. Castellon nonetheless did not provide her address; and, in August 2001, she failed to appear for her removal hearing. The *in abstentia* removal order was issued.

Castellon remained in the United States, and in March 2013, received permanent resident status under a different name and immigration file number. In January 2014, the United States Citizenship and Immigration Services rescinded her permanent status in the light of the 2001 removal order. Castellon sought to reopen her removal proceedings in July 2014, contending immigration officials knew she would be staying with her uncle in Reno and could have obtained her address prior to issuing the 2001 removal order.

In providing her uncle's information, however, Castellon failed to meet her obligation of providing a full mailing address; therefore, she was not entitled to notice of her removal hearing. *See* 8 U.S.C. § 1229a(b)(5)(B); 8 U.S.C. § 1229(a)(2)(B). Accordingly, the denial of her motion to reopen did not

No. 15-60539

constitute an abuse of discretion. *See Gomez-Palacios v. Holder*, 560 F.3d 354, 358, 360–61 (5th Cir. 2009).

DENIED.