# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-60224
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 9, 2017

Lyle W. Cayce
Clerk

CARLOS ROBERTO FUENTES-DIAZ,

                Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

                Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A099 477 869

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM:[*]

Carlos Roberto Fuentes-Diaz, a native and citizen of Guatemala, was ordered removed in absentia after failing to appear at his removal hearing. The immigration judge denied his motion to reopen. He now petitions for review of the decision of the Board of Immigration Appeals dismissing his appeal of the denial of his motion to reopen. He argues that service of the Notice to Appear (NTA) was defective because the NTA did not include a list

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-60224

of organizations and attorneys providing free legal services and did not include a Form EOIR-33.  Fuentes-Diaz also argues that service was defective because he was not advised of the consequences of non-appearance at the removal hearing and the obligation to report his address to the court.  Finally, he argues that lack of proper service resulted in a violation of his due process rights.

The NTA, which contained Fuentes-Diaz's signature, advised him of the obligation of providing his mailing address and the consequences of failing to provide a current address.  The NTA stated that it was served in person and that the alien was provided oral notice in Spanish that the time and date for the removal hearing would be set later and the consequences of failing to appear.  In addition, the NTA stated that a list of organizations and attorneys was attached and Form I-803 indicated that he was given Form EOIR-33 before he was released from custody.  Thus, the record reflects that Fuentes-Diaz was personally served with the NTA and that service was not defective. *See* 8 U.S.C. § 1229(a).  The record also reflects that Fuentes-Diaz failed to provide his address.  This was a proper basis to deny reopening the removal proceedings.  *See* 8 U.S.C. § 1229a(b)(5)(B); *Gomez-Palacios v. Holder*, 560 F.3d 354, 360-61 (5th Cir. 2009).  Fuentes-Diaz has shown no abuse of discretion. *See Gomez-Palacios,* 560 F.3d at 358.  Fuentes-Diaz's due process argument is without merit.  *See id.* at 361 n.2.

Fuentes-Diaz's petition for review is DENIED.