# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-60469
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 5, 2018

Lyle W. Cayce
Clerk

JUAN GREGORIO MARTINEZ-MENDEZ,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A200 113 316

Before REAVLEY, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Juan Gregorio Martinez-Mendez, a native and citizen of Guatemala, petitions for review of the order of the Board of Immigration Appeals (BIA) dismissing his appeal of the Immigration Judge's (IJ) denial of his motion to reopen his in absentia removal proceedings. He argues that the BIA abused its discretion in affirming the denial of his motion to reopen the proceeding because he was not provided with his statutory right to written notice of the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-60469

date and time of his removal hearing. According to Martinez-Mendez, even if the BIA properly applied the statutory framework, his right to due process was violated because he was denied notice of the removal proceeding and the opportunity to present evidence at a reopened proceeding.

In reviewing the denial of a motion to reopen removal proceedings, we apply a highly deferential abuse-of-discretion standard. *Hernandez-Castillo v. Sessions*, 875 F.3d 199, 203 (5th Cir. 2017). We review the BIA's factual findings under the substantial-evidence standard, which means that we cannot reverse the BIA's factual determinations unless the evidence "compels a contrary conclusion." *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009). In evaluating a denial of a motion to reopen, we review the BIA's order and also will consider the IJ's decision if it influenced the BIA's opinion, which occurred herein. *Hernandez-Castillo*, 875 F.3d at 204.

Substantial evidence supports the BIA's agreement with the IJ's ruling that Martinez-Mendez failed to provide an address to immigration officials at the time of his release or thereafter and, therefore, the immigration court was not required to provide Martinez-Mendez with written notice of the removal hearing. *See* 8 U.S.C § 1229(a)(1)(F); 8 U.S.C. § 1229a(b)(5)(B); *Hernandez-Castillo*, 875 F.3d at 204-05. The BIA's ruling was in accord with the applicable statutory framework and did not reflect an abuse of discretion. *Hernandez-Castillo*, 875 F.3d at 203-05. Martinez-Mendez's arguments that he was denied due process are also unavailing "because there is no liberty interest at stake in a motion to reopen due to the discretionary nature of the relief sought." *Id.* at 205 (internal quotation marks and citation omitted).

In light of the foregoing, the BIA did not abuse its discretion in affirming the IJ's denial of the motion to reopen the removal proceedings and dismissing the appeal. *See id.* at 203. The petition for review is DENIED.