# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-60323
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 15, 2019

Lyle W. Cayce
Clerk

JUAN MANUEL GARCIA-ORTIZ,

Petitioner

v.

WILLIAM P. BARR, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A077 386 779

Before BARKSDALE, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Juan Manuel Garcia-Ortiz, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' (BIA) decision dismissing his appeal from an immigration judge's denial of his 2017 motion to reopen the removal proceedings and rescind the 2004 *in absentia* order of removal entered against him. The denial of a motion to reopen is reviewed under "a highly deferential abuse-of-discretion standard", and the decision of the BIA will be

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 18-60323

upheld "as long as it is not capricious, without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach". *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009) (citation omitted). Questions of law are reviewed *de novo*; factual findings, for substantial evidence; and such findings will be overturned only if "the evidence compels a contrary conclusion". *Id.*

Garcia contends he did not receive notice of his removal hearing. He claims: he provided a correct address; because of a transcription error on the notice to appear (NTA), the notices of hearings were not delivered to him; and he had no duty to correct the address on the NTA, and cannot be removed *in absentia* if attempted delivery of the notices took place at an address different from the one he provided.

The record establishes Garcia was personally served with the NTA that listed the erroneous address. Therefore, he had notice of the error upon his receipt of the NTA. The NTA explained, *inter alia*: the importance of maintaining a valid address with the immigration court; the consequences of failing to appear at the removal hearing; and, Garcia would not be entitled to receive notice of his hearing if he failed to supply an address at which he could be reached.

Regardless of how the error in the address was introduced, Garcia was obligated to correct the error. *See Mauricio-Benitez v. Sessions*, 908 F.3d 144, 148–49 (5th Cir. 2018), *petition for cert. filed*, 2019 WL 585625 (U.S. 6 Feb. 2019) (No. 18-1055); *Gomez-Palacios*, 560 F.3d at 360–61. He failed to do so; and, therefore, he was not entitled to actual notice of his removal hearing. *See Mauricio-Benitez*, 908 F.3d at 148–49; *Gomez-Palacios*, 560 F.3d at 360–61; *see also* 8 U.S.C. § 1229a(b)(5)(B).

No. 18-60323

Garcia maintains the instant case is distinguishable because, as reflected in his file, the address on the NTA is different than the address that he provided to immigration officers.  He contends it should not be presumed that the immigration court took adequate actions to give him notice where the notices of hearing were not sent to the last mailing address he provided.

Our court's recent opinion in *Mauricio-Benitez* forecloses this claim.  908 F.3d at 148 ("[A]n alien's statutory obligation to keep the immigration court apprised of his current mailing address includes an obligation to correct any errors in that address listed on the NTA.  Failure to receive notice of a removal hearing as a result of such an error is not grounds to reopen a removal proceeding or rescind an *in absentia* removal order." (footnote omitted)).  As noted, in the light of the NTA, Garcia knew the notices of hearing would be sent to an erroneous address, but he took no action to correct the error.  Therefore, the immigration court reasonably could treat the address on the NTA as the address to which the notices should be sent.  *See Mauricio-Benitez*, 908 F.3d at 149; *Gomez-Palacios*, 560 F.3d at 360–61.

In addition, Garcia has presented no evidence to support his contention that he would have received the notices of hearing if they had been mailed to the other address he provided, especially given that Garcia admitted he provided a false name and date of birth on the same form he claims contained his correct address.  His failure to show he could receive mail at that address defeats his claim.  *See* 8 C.F.R. § 1003.23(b)(4)(iii)(B); 8 U.S.C. § 1229a(c)(7)(B).

DENIED.