# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 11, 2020

Lyle W. Cayce
Clerk

No. 18-60777

Karen Vanessa Elias Gil,

*Petitioner*,

*versus*

William P. Barr, U.S. Attorney General,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A099-671-138

Before Barksdale, Elrod, and Ho, *Circuit Judges*.

Per Curiam:*

Karen Vanessa Elias Gil entered the United States illegally as a child in 2006. After being served a notice to appear for removal proceedings and a subsequent notice of the time and place of the removal hearing, Gil was removed *in absentia*. Gil challenges her removal with a second motion to

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

reopen removal proceedings.  We DENY Gil's petition to review the order of the Board of Immigration Appeals.

## I.

In 2006, Gil entered the United States illegally.  When Gil was twelve years old, she was apprehended with an adult, Maria Hilda Gil Arteaga.[1] Arteaga was served on behalf of Gil with a notice to appear for a removal hearing, "time and date to be set."  In response to the notice, Arteaga provided a mailing address.  The immigration court mailed a subsequent notice specifying the time and date for Gil's removal hearing, but not before Gil had moved from that address.  Gil did not appear and was ordered removed *in absentia*.  Neither Gil nor Arteaga kept officials appraised of Gil's address for many years.  In 2016, Gil challenged her removal in a motion to reopen, which the immigration judge denied.  Gil did not appeal to the Board of Immigration Appeals.

Gil filed a subsequent motion to reopen, which the immigration judge also denied.  In that second motion to reopen, Gil asserted that she did not receive notice to appear and that any error on Arteaga's part in providing an effective address could not be imputed to her.  The immigration judge rejected Gil's arguments and denied the motion.  Gil appealed to the Board of Immigration Appeals by moving to terminate the proceedings for lack of jurisdiction under *Pereira v. Sessions*, 138 S. Ct. 2105 (2018).  The Board dismissed Gil's appeal, concluding that notice was proper and that Gil's motion was barred.  Gil now petitions this court to review the Board's order.

---

[1] Arteaga is identified as Gil's mother and as her aunt at different points in the record by Gil herself.  Arteaga's exact relationship to Gil is irrelevant to our conclusion that Gil's second motion to reopen is procedurally barred.

## II.

We review the disposition of a motion to reopen under a "highly deferential abuse-of-discretion standard." *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009). Gil rests her petition for review on two arguments: (1) that the notice to appear did not satisfy 8 U.S.C. § 1229(a) and so the immigration court lacked jurisdiction to remove her; and (2) that even if the immigration court had jurisdiction, service of the notice to appear was improper.

Gil's jurisdictional argument fails under *Pierre-Paul v. Barr*, 930 F.3d 684 (5th Cir. 2019). In *Pierre-Paul* we explained that the Supreme Court's decision in *Pereira v. Sessions* "addressed a 'narrow question' of whether a notice to appear that omits the time or place of the initial hearing triggers the statutory stop-time rule for cancellation of removal," and it does not address the use of a notice to appear as a charging document. *Id.* at 689–90. Moreover, the technical requirements of a notice to appear are not jurisdictional requirements but rather claim-processing rules. *Id.* at 691. The immigration court did not lack jurisdiction.

Gil's remaining argument fails because she was procedurally barred from filing a second motion to reopen. Under both 8 U.S.C. § 1229a(c)(7)(A) and 8 C.F.R. § 1003.23(b)(1), an alien may file only "one motion to reopen proceedings." Gil urges us to construe her second motion to reopen as a motion to reconsider. Gil's briefing, however, is insufficient on this point because it is relegated to a footnote lacking any legal citation. *Arbuckle Mountain Ranch of Tex. Inc. v. Chesapeake Energy Corp.*, 810 F.3d 335, 339 n.4 (5th Cir. 2016). Without legal arguments to do so, we have no basis to treat Gil's second motion to reopen as a motion to reconsider. As a second motion to reopen, her motion was procedurally barred.

No. 18-60777

\*     \*     \*

Gil's petition for review is DENIED.