# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 14, 2021

Lyle W. Cayce
Clerk

No. 20-60032
Summary Calendar

Jonny Goncalves-Martinowski,

*Petitioner*,

*versus*

Robert M. Wilkinson, *Acting U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A098 718 737

Before Barksdale, Graves, and Oldham, *Circuit Judges*.

Per Curiam:*

Jonny Goncalves-Martinowski, a native and citizen of Brazil, petitions for review of a decision by the Board of Immigration Appeals' (BIA) dismissing his appeal without opinion from the denial by an Immigration Judge (IJ) of his 2018 motion to reopen. He contends: he did not receive

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

notice of his 2005 removal hearing; and the IJ abused its discretion by denying his request to rescind its *in absentia* removal order. (Because the IJ did not reach the question of whether presumption of delivery applied we need not address Goncalves' claims he rebutted such presumption.)

The denial of a motion to reopen is reviewed under an understandably highly deferential abuse-of-discretion standard. *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005). The IJ's decision is reviewed when, as in this instance, "the BIA summarily affirms the IJ's decision without opinion". *Majd v. Gonzales*, 446 F.3d 590, 594 (5th Cir. 2006). Goncalves preserved his claim of insufficient notice by raising it, albeit in "less developed form[s]", before the IJ and BIA. *Carranza-De Salinas v. Gonzales*, 477 F.3d 200, 206 (5th Cir. 2007).

There was no abuse of discretion by the IJ in denying the motion to reopen because the notice at issue was:  served via mail; addressed to Goncalves; and sent to the address he provided to the Attorney General. *See* 8 U.S.C. § 1229(a)(1)(F) (requiring alien to provide and update as needed his contact address and telephone number); § 1229a(b)(5)(A) (requiring *in absentia* removal of alien for failing to appear after proper notice was provided to a removable alien). Failure to receive notice of a removal hearing because the alien neglected to inform the immigration court of a new, current mailing address does not mean the alien did not receive the statutorily-required notice. *Gomez-Palacios v. Holder*, 560 F.3d 354, 360–61 (5th Cir. 2009).

Upon Goncalves' arrest by the Border Patrol in 2005, he was read, in Portuguese:  notice of his rights; the time and place of his removal hearing; and the consequences of his failing to appear. The evidence shows the notice and removal order were sent to the Boca Raton address Goncalves provided and were returned to sender with notes stating Goncalves no longer resided there. Goncalves does not refute such evidence that he no longer resided at

the address he provided to the immigration court—rather, in a self-serving declaration, he maintains he resided there but did not receive the notice.

Other than this declaration, he does not provide any evidence to refute the IJ's finding or rebut the returned notice and the removal order's stating: "DON'T LIVE HERE" and "DO NOT LIVE HERE", respectively. Accordingly, Goncalves has not provided evidence to compel the conclusion: he resided at the Boca Raton address when notice was sent; or he did not receive notice through no fault of his own. *See* § 1229(a)(1)(F)(i), (a)(2)(B); § 1229a(b)(5)(C)(ii); *Mauricio-Benitez v. Sessions*, 908 F.3d 144, 147, 149 (5th Cir. 2018) (alien was "not entitled to actual notice of his removal hearing" because he failed to provide an accurate, current address).

DENIED.