# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 12, 2021

Lyle W. Cayce
Clerk

No. 20-60459
Summary Calendar

David Diaz-Barriga,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A208 549 799

Before King, Smith, and Wilson, *Circuit Judges*.

Per Curiam:[*]

David Diaz-Barriga, a native and citizen of Mexico, petitions this court to review the decision of the Board of Immigration Appeals (BIA) summarily affirming the decision of the Immigration Judge (IJ) denying his application for withholding of removal and relief under the Convention Against Torture

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60459

(CAT). Diaz-Barriga asserts generally that the IJ erred by determining that he had not established a well-founded fear of future persecution based on a protected ground (i.e., his political opinion) and that he had not shown that he would be tortured by, or with the acquiescence of, the Mexican government if he returned to Mexico.

We review the BIA's factual findings for substantial evidence and questions of law de novo. *Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 444 (5th Cir. 2001). The substantial-evidence standard applies to review of decisions denying withholding of removal and relief under the CAT. *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). Under this standard, "this court may not overturn the BIA's factual findings unless the evidence compels a contrary conclusion." *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009) (citation omitted).

Regarding a well-founded fear of future persecution necessary to establish withholding of removal, Diaz-Barriga testified that he is not politically active in Mexico and that he was attacked and robbed by two unknown individuals, who mentioned nothing regarding his political opinion during the attack. Thus, the IJ's conclusion that there was a lack of nexus between the alleged persecution and the protected ground is supported by substantial evidence. *See Carbajal-Gonzalez v. INS*, 78 F.3d 194, 197 (5th Cir. 1996); *see also* 8 C.F.R. § 208.16(b)(2). Further, because Diaz-Barriga's claim that he will be tortured if he returns to Mexico is entirely baseless, the record does not compel the conclusion that he will, more likely than not, be subjected to torture if removed to Mexico. *See Bah v. Ashcroft*, 341 F.3d 348, 351-52 (5th Cir. 2003); *see also* 8 C.F.R. § 208.18(a)(1).

Accordingly, the petition for review is DENIED.