# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 25, 2022

Lyle W. Cayce
Clerk

No. 20-61064
Summary Calendar

Darwin Omar Valencia-Marroquin,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A099 526 513

Before Higginbotham, Higginson, and Duncan, *Circuit Judges*.

Per Curiam:*

Darwin Omar Valencia-Marroquin, a native and citizen of El Salvador, petitions for review of a decision of the Board of Immigration Appeals (BIA) dismissing his appeal from an immigration judge's denial as untimely of his motion to reopen proceedings and rescind his in absentia

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-61064

removal order.  Valencia-Marroquin argues that he is entitled to reopening due to exceptional circumstances and because of changed conditions in his home country.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009).  Such a ruling will stand "as long as it is not capricious, without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Id*.

Where, as here, an alien received written notice of the time, date, and location of his removal hearing, an in absentia removal order may be rescinded only "upon a motion to reopen filed within 180 days after the date of the order of removal if the alien demonstrates that the failure to appear was because of exceptional circumstances."    8 U.S.C. § 1229a(b)(5)(C)(i). Equitable tolling of that limitations period may be appropriate where (1) the alien has pursued his rights diligently and (2) some extraordinary circumstance has stood in his way and prevented timely filing. *Lugo-Resendez v. Lynch*, 831 F.3d 337, 343-44 (5th Cir. 2016).  Also, an alien may move at any time to reopen removal proceedings to pursue relief based on changed country conditions.  *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii).

Valencia-Marroquin provides no explanation for his failure to attend his 2006 hearing or to seek reopening within the 180-day timeframe.  Nor does he identify any steps he took prior to 2014 to ascertain his immigration status.  With no explanation for his years-long failure to act, Valencia-Marroquin has not established that the BIA erred in denying as untimely his motion to reopen for exceptional circumstances. *See Lugo-Resendez*, 831 F.3d at 344.

No. 20-61064

Likewise, Valencia-Marroquin has not presented any evidence that conditions in El Salvador have changed since he was ordered removed. He argues that because he won the lottery in 2018, a return to his home country will expose him to dangers he would not have faced at the time of his removal hearing. As the BIA correctly explained, this argument is based on changed personal circumstances, not changed country conditions. *See Nunez v. Sessions*, 882 F.3d 499, 508-09 (5th Cir. 2018).

Because the BIA did not abuse its discretion in denying as untimely Valencia-Marroquin's motion to reopen, *see Gomez-Palacios*, 560 F.3d at 358, the petition for review is DENIED.