# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 8, 2022

Lyle W. Cayce
Clerk

No. 21-60026
Summary Calendar

Jose Paulino Argueta-Martinez,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A077 794 055

Before Wiener, Dennis, and Haynes, *Circuit Judges*.

Per Curiam:*

Jose Paulino Argueta-Martinez, a native and citizen of El Salvador, seeks review of an order from the Board of Immigration Appeals (BIA) denying his motion to reopen in absentia removal proceedings. This court reviews the denial of a motion to reopen under "a highly deferential abuse-

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

of-discretion standard, regardless of the basis of the alien's request for relief." *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009). The BIA's factual findings are reviewed for substantial evidence and its rulings of law are reviewed de novo. *Id.*

Argueta-Martinez argues that the BIA abused its discretion in affirming the immigration judge's denial of his motion to reopen because he did not receive proper notice of his initial hearing. He notes that the record clearly shows that he did not receive actual notice of his hearing because the notice was mailed to the wrong apartment number and was returned to sender. Argueta-Martinez does not dispute, however, that the address he initially provided, which was listed on his Notice to Appear (NTA), is not a full mailing address because it does not include a building number; it only has a street name and an apartment number. Thus, even if the notice had been mailed to the apartment number listed on the NTA, it still would have been returned as undeliverable. Moreover, Argueta-Martinez's argument ignores that he failed to comply with his obligations under 8 U.S.C. § 1229(a)(1)(F)(i) and (ii) to provide an address at which he could be contacted regarding the removal proceedings and to provide a written record of any change of address. The BIA's finding that Argueta-Martinez was not entitled to actual notice of his removal hearing because he failed to provide an accurate address to the immigration court is supported by substantial evidence and should be upheld. *See Gomez-Palacios*, 560 F.3d at 358; *see also* § 1229(a)(2)(B). Argueta-Martinez admitted in a sworn affidavit that he was living in Virginia at the time of his hearing, not at the incomplete California address he initially provided.

Additionally, Argueta-Martinez suggests that because his current address was included in his application for Temporary Protected Status, the Government knew of his whereabouts, and the immigration court could have tracked him down. Aside from the fact that Argueta-Martinez did not apply

No. 21-60026

for such status until 2018, nearly two decades after he was ordered removed in absentia, the Immigration and Nationality Act expressly places the burden on the alien to provide a current address. *See* § 1229(a)(1)(F)(i)-(ii).

Argueta-Martinez further argues that the "balance of the equities" weighs in favor of reopening, especially given his conduct while in the United States, namely paying his federal income taxes and "maintaining a clear criminal record." The BIA's decision not to reopen the removal proceedings sua sponte was separate from its decision to deny reopening based on lack of notice, but Argueta-Martinez does not challenge the BIA's refusal to reopen the removal proceedings sua sponte in his brief. As such, he has abandoned any such argument. *See Nunez v. Sessions*, 882 F.3d 499, 508 n.5 (5th Cir. 2018). Even if he had raised this issue, this court lacks jurisdiction to review the BIA's refusal to reopen removal proceedings sua sponte. *See id.*

Finally, Argueta-Martinez appears to argue that the BIA's refusal to reopen the removal proceedings violated his right to due process. However, the BIA did not violate his due process rights because "there is no liberty interest at stake in a motion to reopen due to the discretionary nature of the relief sought." *Gomez-Palacios*, 560 F.3d at 361 n.2.

Based on the foregoing, the petition for review is DENIED.

3