# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60891
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 19, 2017

Lyle W. Cayce
Clerk

ABEL ALEJANDRO ARREOLA-CARRILLO,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A206 269 025

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Abel Alejandro Arreola-Carrillo, a native and citizen of Mexico, petitions for review of the decision of the Board of Immigration Appeals (BIA) dismissing his appeal of the immigration judge's denial of asylum, withholding of removal, and relief under the Convention Against Torture (CAT). Because he does not challenge the denial of CAT relief, he has abandoned the issue. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-60891

An alien may be granted asylum if he has "a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). An alien does not have a well-founded fear of persecution if he could avoid persecution by internally relocating and it would be reasonable to do so. 8 C.F.R. § 1208.13(b)(2)(ii).

Substantial evidence supports the denial of asylum. *See Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009). Even if Arreola-Carrillo has a well-founded fear of persecution on account of his membership in his proposed alternative particular social group, the evidence does not compel a finding that he cannot reasonably relocate within Mexico to avoid future harm, particularly in light of the fact that he relocated to the city of Morelia and lived there without incident from 2010 until 2013. *See Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 446 (5th Cir. 2001). Moreover, we lack jurisdiction to consider whether the BIA failed to consider the § 1208.13(b)(3) factors, conducted an incomplete analysis, or improperly shifted the burden because Arreola-Carrillo failed to exhaust the issues by presenting them in a motion for reconsideration. *See Omari v. Holder*, 562 F.3d 314, 318, 320-21 (5th Cir. 2009).

As Arreola-Carrillo cannot meet the requirements for asylum, he cannot meet the more stringent requirements for withholding of removal. *See Eduard v. Ashcroft*, 379 F.3d 182, 186 n.2 (5th Cir. 2004). Accordingly, the petition for review is DENIED.