# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-60841
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 7, 2018

Lyle W. Cayce
Clerk

JOEL CALINDERS-GUERRA,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A098 117 728

Before SMITH, WIENER, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Joel Calinders-Guerra is a native and citizen of Guatemala who entered the United States in 2004 without having been admitted or paroled. The Board of Immigration Appeals (BIA) denied his second motion to reopen in absentia removal proceedings, finding that he had not provided sufficient evidence that he would suffer persecution in Guatemala based on his membership in a particular social group. He filed a timely petition for review.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-60841

This court reviews the denial of a motion to reopen under a "highly deferential abuse-of-discretion standard, regardless of the basis of the alien's request for relief." *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009) (citation omitted).

*Religious Persecution*

Calinders-Guerra faults the BIA for failing to address his claim of religious persecution.  His attached asylum application stated that he was seeking relief from removal based on "religion" as well as "membership in a particular social group," but he did not argue religious persecution in his motion to reopen.  Because Calinders-Guerra did not "raise, present, or mention" the issue of religious persecution in his motion to reopen, he has failed to satisfy the exhaustion requirement of 8 U.S.C. § 1252(d)(1), and this court lacks jurisdiction to consider the issue on appeal.  *Omari v. Holder*, 562 F.3d 314, 321 (5th Cir. 2009) (internal quotation marks and citation omitted).

*Changed Country Conditions*

Calinders-Guerra claims that the BIA erred in failing to consider his claim of changed country conditions.  Because the BIA determined that Calinders-Guerra had failed to establish prima facie eligibility for asylum because he had not shown persecution based on a particular social group, it had no need to decide whether he had also presented material evidence of changed country conditions.  *See Ogbemudia v. INS*, 988 F.2d 595, 600 (5th Cir. 1993).

*Social Group Persecution*

According to Calinders-Guerra, he is eligible for asylum because he fears persecution if returned to Guatemala based on membership in a particular social group consisting of his family.  He claimed that after he fled Guatemala, his family experienced "threats and extreme violence."  His brother had been

attacked multiple times by unknown assailants and had gone into hiding in another town. Three of his cousins had been murdered. His sister had fled from an abusive marriage, and her estranged husband had threatened to hurt her and her family.

As the Government points out, though, Calinders-Guerra offers no evidence that his relatives' familial relationship was a central reason for the harm they suffered. *See Shaikh v. Holder*, 588 F.3d 861, 864 (5th Cir. 2009); *see also* 8 U.S.C. § 1158(b)(1)(i). As such, the BIA did not abuse its discretion in rejecting Calinders-Guerra's claim of persecution based on membership in a particular social group. *See Gomez-Palacios*, 560 F.3d at 358.

*Ability of Guatemalan Government to Control Persecutors*

Calinders-Guerra has not shown that he could not go to the Guatemalan authorities or that the authorities in his home country are unable or unwilling to intervene to protect him. *See Tesfamichael v. Gonzales*, 469 F.3d 109, 113 (5th Cir. 2006). All he offers in his brief is a conclusory statement that he has "established" that Guatemalan authorities "would condone his persecution or would be completely helpless to protect him," followed by a recounting of the statements from his declaration in support of his asylum application regarding several unreported robberies he experienced in Guatemala and a reference to general statements from a Human Rights Watch Report regarding corruption in the Guatemalan justice system. This is insufficient to meet his burden of showing that the evidence supports a conclusion contrary to the one reached by the BIA. *See Gomez-Palacios*, 560 F.3d at 358.

*Ability to Relocate*

The BIA concluded that Calinders-Guerra had not shown that he would be unable to avoid his sister's abusive husband by relocating to a different part of Guatemala. Calinders-Guerra claims that he must live near his family in

No. 17-60841

Guatemala because he has no other connections in the country and would be unable to establish financial independence without their support. Though "social and family ties" are factors to be considered in determining whether internal relocation is reasonable, they "are not necessarily determinative." 8 C.F.R. § 1208.13(b)(3). Moreover, Calinders-Guerra has demonstrated an ability to live independently as an adult in the United States, and he offers no evidence to support his claim that he could not do so in Guatemala. Calinders-Guerra has therefore failed to meet his burden of showing that relocation within Guatemala "would be unreasonable." *Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 445 (5th Cir. 2001) (per curium).

*Evidence of Prior Proceedings*

According to Calinders-Guerra, the BIA "considered evidence that was irrelevant to the standard for a motion to reopen" based on changed country conditions. He points to a footnote in the BIA order that states:

> The Board, on December 4, 2014, denied reopening of these proceedings based on the respondent's potential eligibility to adjust his status to a lawful permanent resident based on his marriage to a United States citizen.

Other than the fact that the footnote appears at the end of the sentence denying the motion to reopen, there is no evidence, as Calinders-Guerra suggests, that the BIA "considered" the prior proceedings as a basis for denying his second motion to reopen. As such, Calinders-Guerra has failed to show that the BIA abused its discretion with respect to its inclusion of the footnote. *See Gomez-Palacios*, 560 F.3d at 358.

The petition for review is DISMISSED for lack of jurisdiction with respect to Calinders-Guerra's claim of religious persecution and DENIED with respect to his remaining claims.

4