# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

November 7, 2019

Lyle W. Cayce
Clerk

No. 18-60857
Summary Calendar

DOMINGO RALIOS-LOPEZ,

Petitioner

v.

WILLIAM P. BARR, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A206 773 804

Before HIGGINBOTHAM, HO, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

Domingo Ralios-Lopez, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals's (BIA) order dismissing his appeal of the denial of his applications for asylum, withholding of removal, and protection under the United Nations Convention against Torture (CAT). Finding no error below, we deny the petition. *See Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 444 (5th Cir. 2001).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-60857

Substantial evidence supports the BIA's finding that Ralios-Lopez was repeatedly assaulted by Guatemalan gang members because he refused to join their drug selling operation, not due to his Quiché heritage. *See id.* The harm visited upon Ralios-Lopez was thus "motivated solely by economic gain" and not his race, religion, nationality, membership in a particular social group, or political opinion. *Garcia v. Holder*, 756 F.3d 885, 889 (5th Cir. 2014); *see* 8 U.S.C. § 1158(b)(1)(B)(i); *Ontunez-Tursios v. Ashcroft*, 303 F.3d 341, 352 (5th Cir. 2002). The BIA's conclusions that Ralios-Lopez failed to establish either past persecution or a well-founded fear of future persecution based on a qualifying ground were substantially reasonable based on the evidence presented. *See Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005); *Faddoul v. INS*, 37 F.3d 185, 188 (5th Cir. 1994); 8 U.S.C. § 1101(a)(42)(A). Accordingly, there was no error in the denial of asylum. *See Lopez-Gomez*, 263 F.3d at 444.

Because Ralios-Lopez failed to make a sufficient showing to warrant asylum, he necessarily could not meet the higher burden required to establish his entitlement to withholding of removal. *See Dayo v. Holder*, 687 F.3d 653, 658-59 (5th Cir. 2012); *Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002). Therefore, the BIA did not err in denying his request for withholding of removal. *See Lopez-Gomez*, 263 F.3d at 444.

Finally, Ralios-Lopez does not challenge the BIA's finding that the harm inflicted on him by gang members did not amount to torture, as he was required to show in order to warrant protection under the CAT. *See Morales v. Sessions*, 860 F.3d 812, 818 (5th Cir. 2017). Moreover, because Ralios-Lopez conceded that he never informed police about the assaults, the record supports a finding that police were not aware of, and thus did not knowingly fail to prevent, the complained-of harm. *See* 8 C.F.R. § 208.18(a)(7). As a result, the BIA did not err in denying Ralios-Lopez's request for CAT protection. *See*

No. 18-60857

*Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009); *Zhang*, 432 F.3d at 344; *Lopez-Gomez*, 263 F.3d at 444.

The petition for review is DENIED.