# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-60255
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 17, 2020

Lyle W. Cayce
Clerk

SINDY YULISSA ALVIZURES-SIS,

Petitioner

v.

WILLIAM P. BARR, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A098 598 541

Before DAVIS, SMITH, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Sindy Yulissa Alvizures-Sis, a native and citizen of Guatemala, petitions for review of the decision of the Board of Immigration Appeals (BIA) dismissing her appeal of an Immigration Judge's (IJ) decision to deny her second motion to reopen her removal proceedings. She asserts that the BIA incorrectly disposed of her motion to reopen in which she contended that she established

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-60255

changed country conditions in Guatemala since her original order of removal in 2005.

We review the order of the BIA and will consider the IJ's decision only where, as here, it affected the BIA's opinion. *Hernandez-Castillo v. Sessions*, 875 F.3d 199, 204 (5th Cir. 2017). We review questions of law de novo and will accept the BIA's findings of fact unless the evidence compels a contrary conclusion. *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009).

Alvizures-Sis argues that she has submitted evidence demonstrating that violence against women in Guatemala has increased significantly from the time of her removal order in 2005 to the filing of her second motion to reopen in 2017. A petitioner may file a motion to reopen at any time if the motion "is based on changed country conditions arising in the country of nationality . . . if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding. 8 U.S.C. § 1229a(c)(7)(C)(ii);  8  C.F.R.  § 1003.2(c)(3)(ii);  8 C.F.R.  § 1003.23(b)(4)(i).  In order to establish a change in country conditions sufficient to warrant reopening the proceedings, Alvizures-Sis had to present material evidence that meaningfully compared the conditions at the time of the removal hearing with the conditions at the time of the motion to reopen. *See Nunez v. Sessions*, 882 F.3d 499, 508–09 (5th Cir. 2018); *Matter of S-Y-G-*, 24 I. & N. Dec. 247, 253 (BIA 2007). Alvizures-Sis acknowledges that she did not submit any evidence showing the relevant conditions in Guatemala at the time of her removal hearing. Thus, she has failed to offer material evidence of changed country conditions, s*ee Nunez*, 882 F.3d at 508, and the BIA did not abuse its discretion in denying her motion to reopen on this basis, *see Panjwani v. Gonzales*, 401 F.3d 626, 632–33 (5th Cir. 2005).

No. 19-60255

By failing to brief the issue, Alvizures-Sis has abandoned any challenge to the BIA's denial of her motion for sua sponte reopening. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

Accordingly, the petition for review is DENIED.