# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 22, 2021

Lyle W. Cayce
Clerk

No. 20-60014
Summary Calendar

Mayra Jackeline Machado,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A 073-900-867

Before Clement, Higginson, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Mayra Jackeline Machado, a native and citizen of El Salvador, petitions for review of the order of the Board of Immigration Appeals (BIA) denying her request for deferral of removal under the United Nations Convention Against Torture (CAT). In addition to addressing the merits of

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60014

Machado's claims for relief, the Government moves to dismiss the petition for lack of jurisdiction. We grant the motion, and dismiss the petition, insofar as Machado challenges the BIA's discretionary decision not to assign her appeal of the immigration judge's denial of CAT relief to a three-member panel. *See Cantu-Delgadillo v. Holder*, 584 F.3d 682, 691 (5th Cir. 2009). In all other respects, we deny the motion to dismiss. *See Nasrallah v. Barr*, 140 S. Ct. 1683, 1688 (2020).

To obtain CAT relief, Machado must show that if removed to El Salvador, it is more likely than not that she will be tortured by, or with the acquiescence of, government officials acting under color of law. *See* 8 C.F.R § 208.16(c)(2); *Chen v. Gonzales*, 470 F.3d 1131, 1139 (5th Cir. 2006). With respect, at least, to the BIA's determination that she had not shown the requisite government acquiescence, Machado fails to show that "the evidence not only *supports* [a contrary] conclusion, but *compels* it." *I.N.S. v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992); *see Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009). The Board chose between two reasonable constructions of the evidence, and its conclusion that the Salvadoran government, notwithstanding the efficacy of its efforts, has neither acquiesced to nor turned a blind eye to gang violence and sexual violence against women is supported by substantial evidence. *See Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005); *Ontunez-Tursios v. Ashcroft*, 303 F.3d 341, 354 (5th Cir. 2002); 8 C.F.R. § 208.18(a)(7). Accordingly, we conclude that the BIA's denial of CAT relief was substantially reasonable. *See Zhang*, 432 F.3d at 344. Because our resolution of this issue does not turn on Machado's credibility, we do not reach her challenge to the immigration judge's adverse credibility finding.

Machado's due process arguments are likewise unavailing. *See Santos-Alvarado v. Barr*, 967 F.3d 428, 439 (5th Cir. 2020). Even if she could show a due process violation—which she does not—Machado makes no

No. 20-60014

showing that she was prejudiced, let alone substantially so, by any of the complained-of actions of the immigration judge, the warden of her detention facility, or federal immigration officials. *See Arteaga-Ramirez v. Barr*, 954 F.3d 812, 813 (5th Cir. 2020).

The motion to dismiss the petition for review is GRANTED IN PART and DENIED IN PART, and the petition is DISMISSED IN PART for lack of jurisdiction. The petition for review is otherwise DENIED.