# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 8, 2022

Lyle W. Cayce
Clerk

No. 20-61029
Summary Calendar

Jose Ramiro Martinez-Galeas,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A088 653 465

Before King, Costa, and Ho, *Circuit Judges*.

Per Curiam:*

Jose Ramiro Martinez-Galeas, a native and citizen of Honduras, petitions for review of a decision of the Board of Immigration Appeals (BIA) dismissing his appeal from an order of the immigration judge (IJ) that denied his motion to reopen removal proceedings. He argues that, counter to the

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-61029

BIA's finding, the record contains sufficient evidence to rebut the presumption that he received notice of the time and location of his removal proceedings. We DENY Martinez-Galeas's petition for review.

## I. BACKGROUND

On an unknown date prior to December 3, 2007, Martinez-Galeas entered the United States. On December 3, 2007, Border Patrol agents encountered Martinez-Galeas travelling on a highway and detained him, charging him under section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA").[1] The Notice to Appear, with which Martinez-Galeas was personally served, contained the following residential handwritten address on it: "6117 Gulf Freeway #1454 Houston, TX 77023." The Notice to Appear ordered Martinez-Galeas's appearance at the Executive Office for Immigration Review on "a date to be set," and Martinez-Galeas was provided oral notice in Spanish of the consequences of his failure to appear. However, the Form I-213 Record of Deportable/Inadmissible Alien for Martinez-Galeas's case, also dated December 3, 2007, and signed by the same immigration officer as the Notice to Appear, Harold W. Gill, has a different address on it: "7910 Bellaire 653 Houston, Texas 77036."

A Notice of Hearing was sent to the 6117 Gulf Freeway address as printed on the Notice to Appear, but the envelope was returned as undeliverable. On February 20, 2008, the scheduled removal hearing was held, and the next day the IJ issued a decision ordering Martinez-Galeas removed *in absentia*. This too was mailed to the 6117 Gulf Freeway address and was returned as undeliverable.

---

[1] 8 U.S.C. § 1182(a)(6)(A)(i).

No. 20-61029

Over nine years passed. On August 30, 2017, Martinez-Galeas and his wife met with counsel to discuss his immigration status and allegedly found out for the first time that he had been ordered removed. On September 2, 2017, Martinez-Galeas filed a request under the Freedom of Information Act, and the request revealed that the Notice of Hearing and removal order were sent (unsuccessfully) to the 6117 Gulf Freeway address.

On October 15, 2019, Martinez-Galeas filed a motion to reopen his removal proceedings pursuant to INA § 240(b)(5)(C)(ii)[2] and 8 C.F.R § 1003.23(b)(4)(ii). The IJ denied the motion because it was "filed 12 years after [the] removal order" and "no exceptional circumstances" were found because the "notice [was] sent to [the] address provided by respondent." Martinez-Galeas appealed to the BIA, requesting that the BIA vacate the decision of the IJ and exercise its *sua sponte* authority under 8 C.F.R. § 1003.2(a) to reopen the case. The BIA dismissed the appeal for the following reasons: (1) Martinez-Galeas "was personally served with the notice to appear," (2) "[t]he notice to appear contains the address that the DHS had for the respondent, to which the hearing notice was later sent," (3) the Notice to Appear requires petitioners to provide the DHS with their "full mailing address and telephone phone number," and (4) because Martinez-Galeas was personally served with the notice to appear he "was on notice of his obligation to provide a correct address to the Immigration Court."

## II. STANDARD OF REVIEW

We apply a highly deferential abuse-of-discretion standard in reviewing the denial of a motion to reopen removal proceedings. *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009). As long as the BIA's

---

[2] 8 U.S.C. § 1229a(b)(5)(C)(ii).

decision is "not capricious, without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach," we must affirm it. *Id.*

This court reviews the BIA's decision and will consider the underlying decision of the IJ only if it influenced the determination of the BIA. *Ontunez-Tursios v. Ashcroft*, 303 F.3d 341, 348 (5th Cir. 2002). When, as here, the BIA affirms the decision of the IJ and relies on reasoning set forth in the IJ's decision, this court reviews the IJ's decision to the extent that it impacted the BIA's decision. *See Theodros v. Gonzales*, 490 F.3d 396, 400 (5th Cir. 2007).

## III. MOTION TO REOPEN

Martinez-Galeas contends that the BIA abused its discretion in determining that the record contains insufficient evidence to rebut the presumption that he did receive notice. The appeal contains both statutory and regulatory challenges.[3]

### A. Statutory Grounds to Reopen

Pursuant to 8 U.S.C. § 1229a(b)(5)(C)(ii), an *in absentia* removal order[4] may be rescinded "upon a motion to reopen filed at any time if the

---

[3] We note that neither the IJ, nor the BIA explicitly analyzed the statutory grounds of the motion to reopen. The statutory and regulatory law regarding rescission of a removal order, however, involve nearly identical language. *Compare* 8 U.S.C. § 1229a(b)(5)(C)(ii), *with* 8 C.F.R § 1003.23(b)(4)(ii).

[4] Under 8 U.S.C. § 1229a(b)(5)(A), an alien who fails to attend a hearing after written notice has been provided to the alien or the alien's counsel of record shall be ordered removed *in absentia* if the government establishes by "clear, unequivocal, and convincing evidence" that the written notice was so provided and that the alien is removable. The government satisfies the notice requirement for obtaining a removal order when it gives proper notice at the most recent mailing address the alien

alien demonstrates that the alien did not receive notice in accordance with paragraph (1) or (2) of section 1229(a) of this title." Paragraph (1) of § 1229(a) requires that notice of a removal hearing be given in person, or by mail if personal service is not practicable. *Id.* § 1229(a)(1). The notice must specify the "time and place at which the proceedings will be held" and the "consequences under section 1229a(b)(5) of this title of the failure, except under exceptional circumstances, to appear at such proceedings." *Id.* § 1229(a)(1)(G)(i)–(ii).[5]

Paragraph (2) of § 1229(a) states that, in the case of any change in the time and place of removal proceedings following the original provision of notice, written notice must be given in person, or by mail if personal service is not practicable, specifying the new time or place of the proceedings and the consequences of failing to attend. 8 U.S.C. § 1229(a)(2)(A). However, paragraph (2) provides an exception: "In the case of an alien not in detention, a written notice shall not be required under this paragraph if the alien has failed to provide the address required." *Id.* § 1229(a)(2)(B).

The facts here are analogous to cases involving typographical errors in Notice-to-Appear addresses. In *Mauricio-Benitez v. Sessions*, 908 F.3d 144,

---

provided. *Id.* However, no written notice is required if the alien failed to provide a current mailing address. *Id.* § 1229a(b)(5)(B).

[5] The notice must also specify the nature of the proceedings against the alien; the legal authority under which the proceedings are conducted; the acts or conduct alleged to be in violation of law; the charges against the alien and the statutory provisions alleged to have been violated; and the alien's right to counsel. 8 U.S.C. § 1229(a)(1)(A)–(E). Lastly, the notice must specify the alien's obligation to immediately provide the government with a written record of an address and telephone number (if any) at which he may be contacted regarding the proceedings; the alien's obligation to immediately apprise the government of any change in his address or telephone number; and the "consequences under section 1229a(b)(5) of this title of failure to provide address and telephone information." *Id.* § 1229(a)(1)(F)(i)–(iii).

149 (5th Cir. 2018), for example, the petitioner "was personally served with a [Notice to Appear] listing a mailing address that he contends was misspelled." We held that "he had notice of the error in his address upon receipt of the [Notice to Appear]." The same reasoning applies here. Although the record shows two addresses on immigration documents signed by the same immigration officer on the same day, Martinez-Galeas, like the petitioner in *Mauricio-Benitez*, was personally served with (and signed) a Notice to Appear bearing an erroneous address. Thus, he was on notice of the error. Because Martinez-Galeas "has failed to provide the address required" pursuant to 8 U.S.C. § 1229(a)(2)(B), the immigration court need not have provided "written notice . . . specifying the . . . new time or place of the proceedings." 8 U.S.C. § 1229(a)(2)(A).

## B. Regulatory Grounds to Reopen

The Code of Federal Regulations provides that an immigration judge may "reopen or reconsider any case in which he or she has rendered a decision." 8 C.F.R. § 1003.23(b)(1). The Code of Federal Regulations has a similar provision for the BIA's ability to reopen a case before it. 8 C.F.R. § 1003.2(a). However, "we lack jurisdiction to review the BIA's decision to decline *sua sponte* reopening." *Hernandez-Castillo*, 875 F.3d at 206 (discussing both immigration judges' and the BIA's regulatory authority).

## IV. CONCLUSION

For the foregoing reasons, Martinez-Galeas's petition for review is DENIED.