# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 3, 2022

Lyle W. Cayce
Clerk

No. 21-60445
Summary Calendar

Marco Antonio Mercado-Alvarez,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A098 895 650

Before Barksdale, Elrod, and Haynes, *Circuit Judges*.

Per Curiam:[*]

Marco Antonio Mercado-Alvarez, a native and citizen of Guatemala, was ordered removed *in absentia* in 2006. He petitions for review of the Board of Immigration Appeals' (BIA) dismissing his appeal from the immigration judge's (IJ) denial of his 2018 motion to reopen his removal

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

proceeding.   Mercado contends the BIA erred by declining to consider whether he was entitled to equitable tolling of the statutory deadline for filing his motion because he did not present that issue to the IJ.

The denial of a motion to reopen is reviewed for obvious reasons "under a highly deferential abuse-of-discretion standard". *Singh v. Gonzales*, 436 F.3d 484, 487 (5th Cir. 2006) (citation omitted).  Under that standard, our court may not disturb the BIA's decision unless it is "capricious, without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach". *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009).  Questions of law are reviewed *de novo*; factual findings, for substantial evidence.  *Id.*  The IJ's decision is considered only to the extent it influenced the BIA. *Id.*

"This court has long held that the BIA need not consider an issue raised for the first time on appeal." *Cantarero-Lagos v. Barr*, 924 F.3d 145, 153 (5th Cir. 2019) (citation omitted).  Mercado fails to show it was erroneous or otherwise irrational for the BIA to not consider his issue.  *See Gomez-Palacios*, 560 F.3d at 358.

DENIED.